**The STATE of Texas, Appellant**

v.

**Dennis Russell CALLAGHAN, Appellee.**

**Nos. 14–06–00460–CR, 14–06–00461–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 15, 2007.

Discretionary Review Refused
June 27, 2007.

Peter Justin, Houston, for appellants.

Kevin P. Keating, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

A grand jury indicted appellee, Dennis Russell Callaghan, for possession of methamphetamine with intent to deliver and possession of pseudoephedrine. Appellee filed motions to suppress in both cases. The trial court granted both motions. In two issues, the State contends the trial court erred when it granted the motions to suppress because (1) police are not required to obtain prior judicial approval to execute a search warrant with a "no-knock" entry, and (2) there was no basis for the trial court to exclude the State's evidence because the exclusionary rule does not apply to knock-and-announce violations. We confine our analysis to the State's second issue because it is dispositive. We reverse and remand.

## I. BACKGROUND

On January 30, 2005, Sheriff's Deputy W. Tipps sought a search warrant from a magistrate authorizing a search of Callaghan's motel room. He requested authorization to "enter the suspected place and premises without first knocking and announcing the presence and purpose of officers executing the warrant sought." In his affidavit, Deputy Tipps also stated that he was familiar with Callaghan and knew him to be a methamphetamine user, and Callaghan had a prior arrest for manufac-

turing methamphetamine and was in possession of a firearm when last arrested. Deputy Tipps also noted that methamphetamine traffickers and abusers are considered the "most violent drug offenders" and cited two examples in Texas where persons involved with methamphetamine were armed or threatened violence. The magistrate signed a search warrant authorizing Deputy Tipps to enter the motel and search for methamphetamine and any and all precursor chemicals. Notwithstanding Deputy Tipp's request for a no-knock entry in his affidavit, the magistrate did not address the no-knock request in the warrant.

When they were executing the search warrant, police did not knock and announce their presence before kicking open the door to the motel room. After entering, they seized methamphetamine oil, chemicals and components used in a clandestine methamphetamine laboratory, and miscellaneous laboratory trash.

Callaghan filed motions to suppress all evidence obtained during the search arguing the magistrate's failure to specifically authorize a no-knock entry, coupled with the lack of any subsequent exigency, rendered the search illegal. At the motion-to-suppress hearing, Callaghan emphasized that the search warrant did not authorize a "no-knock" entry into the motel room. Callaghan directed the trial court to a Fort Worth Court of Appeals case, *Wright v. State,* decided a month and a half before the April 26, 2006 hearing. No. 2–04–249–CR, 2006 WL 563617 (Tex.App.-Fort Worth March 9, 2006, pet. granted) (mem. op.). In *Wright,* the court held that the trial court abused its discretion by denying a motion to suppress where the police requested a combination arrest and search warrant and included in the affidavit a request for permission for a no-knock entry because of the possibility of weapons in

the suspected place and the ease of destroying a large quantity of narcotics. *Id.* at \*1. The search and arrest warrant issued did not address the no-knock entry request. *Id.* The court concluded the magistrate did not authorize a no-knock entry into the residence. *Id.* at \*2.

In granting Callaghan's motion to suppress, the trial court indicated that it followed the *Wright* court by stating,

> Following the precedence set before me in *Wright*, I am going to grant the Motion to Suppress in both cases.... I'm going to find that the language in this search and arrest warrant is identical to that in the search and arrest warrant of *Wright v. State of Texas* out of the Second District of Texas Fort Worth; that the majority opinion and the dissenting opinion agree that the Judge did not grant the no knock request.

## II. STANDARD OF REVIEW

■ We review the trial court's ruling on a motion to suppress under an abuse-of-discretion standard. *Long v. State,* 823 S.W.2d 259, 277 (Tex.Crim.App.1991). If supported by the record, a trial court's ruling on a motion to suppress will not be overturned. *Brooks v. State,* 76 S.W.3d 426, 430 (Tex.App.-Houston [14th Dist.] 2002, no pet.). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Id.* We give almost total deference to the trial court's determination of historical facts that depend on credibility and demeanor, but review de novo the trial court's application of

the law to the facts if resolution of those ultimate questions does not turn on the evaluation of credibility and demeanor. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

## III. THE EXCLUSIONARY RULE

### A. *Hudson v. Michigan*

■ In its first issue, the State criticizes the *Wright* court's analysis and contends that police need not obtain judicial approval to execute a no-knock entry when executing a search warrant.[1] We do not reach the first issue because less than two months after the trial court's hearing in this case, the U.S. Supreme Court handed down *Hudson v. Michigan,* on June 15, 2006, and its analysis makes the second issue dispositive. —— U.S. ——, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006). In *Hudson,* the U.S. Supreme Court held that violation of the knock-and-announce rule does not require suppression of all evidence found in the search. *Id.* at 2164. In its second issue, relying on *Hudson,* the State argues: even if the no-knock entry in this case were unlawful, suppression of the evidence is not the appropriate remedy because the exclusionary rule does not apply to knock-and-announce violations. We agree.[2]

■ With respect to the knock-and-announce rule, the U.S. Supreme Court has explained that officers must announce their presence and give residents an opportunity to open the door. *Id.* at 2162 (citing *Wilson v. Arkansas,* 514 U.S. 927,

---

1. The Court of Criminal Appeals granted review in *Wright* on September 20, 2006, and its disposition currently pending.

2. In *Price v. State,* this court previously held that exclusion of evidence was a proper remedy for violations of the knock-and-announce rule. 93 S.W.3d 358, 368–72 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd). We noted,

"The Supreme Court has not yet determined whether or to what extent the exclusionary rule applies in cases involving a violation of the Fourth Amendment knock-and-announce rule." *Id.* at 369. However, since our decision in *Price,* the U.S. Supreme Court determined in *Hudson* that the exclusionary rule does *not* apply to knock-and-announce violations.

931–36, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995)). This rule is considered part of the Fourth Amendment. *Id.* (citing *Wilson,* 514 U.S. at 931-36, 115 S.Ct. 1914). Police are not required to knock-and-announce when circumstances present a threat of physical violence, there is reason to believe evidence would be destroyed, or it would be futile. *Id.* at 2162–63 (citing *Richards v. Wisconsin,* 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997)). In evaluating how long the police should wait, courts apply a "reasonable wait time" standard. *Id.* (citing *United States v. Banks,* 540 U.S. 31, 41, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003)).

The federal exclusionary rule was established as a remedy for evidence that was unlawfully seized from a home without a warrant in violation of the Fourth Amendment. *Id.* at 2163 (citing *Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914)). Under the federal exclusionary rule, when evidence is obtained in violation of the Fourth Amendment, prosecutors are precluded from using it in a criminal proceeding. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). The exclusionary rule applies to the States through the Fourteenth Amendment. *Hudson,* 126 S.Ct. at 2163 (citing *Mapp,* 367 U.S. at 657, 81 S.Ct. 1684).

In *Hudson,* the police obtained a valid search warrant for drugs and firearms. *Id.* at 2162. When the police executed the search warrant, they waited "three to five seconds" before opening the unlocked front door and entering Hudson's home. *Id.* Inside the house, they found cocaine and a loaded gun. *Id.* Hudson moved to suppress all the inculpatory evidence, arguing that premature entry violated his Fourth Amendment rights. *Id.* The prosecution conceded there was a knock-and-announce violation. *Id.* at 2163. The

Michigan trial court granted Hudson's motion to suppress; however, on interlocutory review, the Michigan intermediate court of appeals reversed. *Id.* After the Michigan Supreme Court denied leave to appeal, Hudson was convicted of drug possession. *Id.* Subsequently, the U.S. Supreme Court concluded that the knock-and-announce violation did not warrant suppression of the evidence because the violation was not the unattenuated but-for cause of obtaining the evidence.

Specifically, the U.S. Supreme Court explained:

[E]xclusion may not be premised on the mere fact that a constitutional violation was a "but for" cause of obtaining evidence. Our cases show that but-for causality is only a necessary, not a sufficient, condition for suppression. In this case, of course, the constitutional violation of an illegal *manner* of entry was *not* a but-for cause of obtaining the evidence. Whether that preliminary misstep had occurred *or not,* the police would have executed the warrant they had obtained, and would have discovered the gun and drugs inside the house.

*Id.* at 2164 (emphasis in original). Therefore, the Court concluded that the incriminating evidence was not obtained as a result of non-compliance with the knock-and-announce rule. *See id.* The evidence was seized through execution of the lawful search warrant. *Id.*

The Court further explained that the exclusionary rule would not apply when the causal connection, is too attenuated to justify exclusion even if there was a causal connection and the constitutional violation "could be characterized as a but-for cause of discovering what was inside." *Id.* Attenuation occurs when the causal connection is remote or when there is a direct causal connection and the violated interest protected by the constitutional guarantee

would not be served by suppression of the evidence. *Id.* In addition, the Court observed that the exclusionary rule did not apply because the knock-and-announce requirement focuses on protection of human life and limb, property, and privacy, not "one's interest in preventing the government from seeing or taking evidence described in a warrant." *Id.* at 2165. The Court concluded that the exclusionary rule was inapplicable because the interests that were violated in this case had nothing to do with seizure of the evidence. *Id.*

In addition, the Court observed, "[q]uite apart from the requirement of unattenuated causation, the exclusionary rule has never been applied except 'where its deterrence benefits outweigh its substantial social costs.'" *Id.* (quoting *Penn. Bd. Of Probation and Parole v. Scott,* 524 U.S. 357, 363, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998)). The Court found the deterrence benefit was insignificant because the police had little incentive to violate the knock-and-announce rule. *Id.* Specifically, the Court explained: "[I]gnoring knock-and-announce can realistically be expected to achieve absolutely nothing except the prevention of destruction of evidence and the avoidance of life-threatening resistance by occupants of the premises-dangers which, if there is even 'reasonable suspicion' of their existence, *suspend the knock-and-announce requirement anyway.*" *Id.* at 2166 (emphasis in original).

Apparently, we are the first Texas court of appeals to apply *Hudson v. Michigan.*[3] Here, as in *Hudson,* the officers obtained a valid search warrant authorizing seizure of methamphetamine and any and all precursor chemicals in the motel room. The incriminating evidence—the methamphetamine oil, chemicals and components used in a clandestine methamphetamine laboratory, and miscellaneous laboratory trash—was not obtained as a result of non-compliance with the knock-and-announce rule. Whether that preliminary misstep occurred or not, the police would have executed the warrant they had obtained, and would have discovered the items named in the search warrant inside the motel room. Therefore, if there was a knock-and-announce violation, it was not the but-for cause that the evidence was seized. Following the court's rationale in *Hudson,* we hold that the knock-and-announce violation, if any, did not warrant suppression of the evidence because it was not the unattenuated but-for cause of obtaining the evidence.

### B. Texas Exclusionary Rule

■ In response, Callaghan notes that Texas has a statutorily-created exclusionary rule in Code of Criminal Procedure Article 38.23(a) and argues the trial court properly suppressed the evidence.[4] *See* TEX CODE CRIM. PROC. ANN. Art. 38.23(a) (Vernon 2006). Callaghan suggests that *Hudson* applies an "inevitable discovery

---

**3.** In *Gray v. State,* we held the appellant failed to preserve error on his argument that deputies violated his constitutional rights because no exigent circumstances existed to justify the no-knock-and-announce entry. No. 14–05–01066–CR, 2006 WL 2947849, at *1 (Tex. App.-Houston [14th Dist.] Oct. 17, 2006, no pet. h.) (not designated for publication). We noted that even if we had reached the substance of Gray's argument, suppression of the evidence would probably be precluded by *Hudson. Id.* at *1 n. 3.

**4.** Article 38.23(a) provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX.CODE CRIM. PROC. ANN. Art. 38.23(a).

doctrine" reasoning and does not impact the Texas exclusionary rule because the Court of Criminal Appeals has held that Texas does not recognize the inevitable discovery doctrine as an exception to the exclusionary rule in Article 38.23(a). *See State v. Daugherty*, 931 S.W.2d 268, 273 (Tex.Crim.App.1996) (holding federal inevitable discovery doctrine exception to the federal exclusionary rule does not apply to Texas exclusionary rule).[5]

Callaghan cites to the following language in *Hudson* as suggesting that the U.S. Supreme Court relies on the inevitable discovery doctrine: "Whether that preliminary misstep [the knock-and-announce violation] had occurred or not, the police would have executed the warrant they had obtained, and would have discovered the gun and drugs inside the house." *Hudson*, 126 S.Ct. at 2164. However, this language was in the context of describing the absence of but-for causation. The U.S. Supreme Court did not refer to the inevitable discovery doctrine in the majority opinion. Further, courts and legal commentators have agreed the majority opin-

ion in *Hudson* is about causation and not about the inevitable discovery doctrine.[6]

However, in his argument, Callaghan does not seem to appreciate the importance of causation in *Hudson* and the Texas statutory exclusionary rule. The U.S. Supreme Court focused on causation in Hudson; the Court noted that under the facts presented, there was no but-for causal relationship. 126 S.Ct. at 2164. The knock-and-announce violation was not a but-for cause of obtaining the evidence. *Id.* Whether or not the police had committed the violation, they would have executed the warrant and still discovered the items in the house. *Id.* Further, the Court recognized that even if a knock-and-announce violation was the but-for causation, the exclusionary rule would not apply when the causal connection was attenuated. *Id.*

In Texas, the Court of Criminal Appeals similarly clarified in *Pham v. State*, the causal connection analysis required for claims to suppress evidence under Article 38.23. 175 S.W.3d 767, 772–74 (Tex.Crim. App.2005). Before evidence can be suppressed under Article 38.23, there must be a *causal connection* between a police offi-

---

**5.** "The inevitable discovery doctrine *assumes* a causal relationship between the illegality and the evidence. It *assumes* that the evidence was actually 'obtained' illegally. The doctrine then asks whether the evidence would have been 'obtained' eventually in any event by lawful means." *Daugherty*, 931 S.W.2d at 270 (emphasis in original).

**6.** *See United States v. Hector*, Nos. 05–50270 & 05–50404, 474 F.3d 1150, 2007 WL 177826 (9th Cir. Jan.25, 2007) (explaining and applying *Hudson* but-for causation analysis); *Royce v. State*, 2006 WL 2347786, at *3-4 (Minn.Ct.App. Aug.15, 2006) (not designated for publication) (explaining *Hudson* "addressed the causation element of the exclusionary rule" and applying *Hudson* but-for causation analysis); JOSHUA DRESSLER & ALAN C. MICHAELS, UNDERSTANDING CRIMINAL PROCEDURE 12 n. 180.1 (4th ed. 2006 Update) (commenting on the Court's rationale that even

absent the illegal entry the police would have executed the warrant and discovered the evidence and noting "[t]he Court did not, however, expressly describe this as 'inevitable discovery' (or 'independent source,' for that matter), and the implications of *Hudson* for the inevitable-discovery doctrine are fuzzy at best"); WAYNE R. LAFAVE, SEARCH AND SEIZURE–A TREATISE ON THE FOURTH AMENDMENT 17 (4th ed. Supp.2007) (suggesting "Hudson's majority's view of the but-for requirement cannot be squared with the Court's prior decisions concerning the inevitable discovery rule"). Furthermore, nowhere in its brief for *Hudson v. Michigan* does the State of Michigan argue for application of the inevitable discovery doctrine. *See* Respondant's Brief, *Hudson v. Michigan*, —— U.S. ——, 126 S.Ct. 2159, 165 L.Ed.2d 56 (U.S. 2006) (No. 04–1360). The State of Michigan clearly argued, "the issue here is causation not inevitable discovery." *Id.* at *5.

cer's violation of a law and his collection of evidence. *Id.* at 774. Further, the burden is on the defendant, as the moving party, to produce evidence showing the causal connection. *Id.* The burden then shifts to the State to either disprove the defendant's evidence or raise an attenuation-of-taint argument to demonstrate that the causal chain asserted by the defendant was broken. *Id.* Therefore, not only must there be a causal connection between the violation and the collection of evidence, the defendant must also prove that the causal connection exists. *See id.; see also Gonzales v. State,* 67 S.W.3d 910, 912 (Tex. Crim.App.2002); *Roquemore, v. State,* 60 S.W.3d 862, 870 (Tex.Crim.App.2001); *Chavez v. State,* 9 S.W.3d 817, 820 (Tex. Crim.App.2000) (all noting there must be a causal connection between improper police conduct and collection of evidence before evidence can be excluded under Article 38.23).

In considering the teachings of *Hudson* and *Pham,* we find the *Hudson* causation analysis does not conflict with the required causation analysis for the Texas exclusionary rule in Article 38.23. First, the Texas requirement that a causal connection be established by the moving party to support application of the Article 38.23 exclusionary rule complements the *Hudson* rationale because under *Hudson* the exclusionary rule does not apply if there is no causal connection. Furthermore, if there is a causal connection, *Hudson* requires it to be more than merely attenuated for the exclusionary rule to apply. 126 S.Ct. at 2164. This requirement also complements the Texas causation analysis in *Pham* requiring the burden to shift to the State

once the defendant establishes a causal connection and giving the State the opportunity to demonstrate attenuation in the causal connection. 175 S.W.3d at 774.

Here, as in *Hudson,* there was no causal connection between the no-knock entry and seizure of the evidence. The officers were executing a lawful search warrant and would have discovered the evidence regardless of their manner of entry. Accordingly, the remedy is not exclusion of the seized evidence. Moreover, because there was no causal connection between the manner of police entry and collection of the evidence, Article 38.23(a) does not require exclusion of the evidence.[7]

Appellant's second issue is sustained. Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

---

**7.** We agree with the State's argument that the only potential causal link between collection of the evidence and a knock-and-announce violation was that Callaghan could have destroyed evidence if a knock-and-announce had occurred. However, as the U.S. Supreme Court noted in *Hudson,* "[w]hat the knock-and-announce rule has never protected is one's interest in preventing the government from seeing or taking evidence described in a warrant." 126 S.Ct. at 2165. Thus, in the trial court Callaghan did not meet his burden to prove a causal connection as Article 38.23 requires. *See Pham,* 175 S.W.3d at 774.