Affirmed and Memorandum Opinion
filed October 20, 2009

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00478-CR



Luis Morales,
Jr. aka Louis Morales, Jr.,
Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 122nd District Court

Galveston County, Texas

Trial Court
Cause No. 06CR1244



 

M E M O R A N D U M   O P I N I O N


Appellant, Luis Morales, Jr. aka Louis Morales, Jr.,
was convicted of unlawful possession of a firearm by a felon, and his
punishment, enhanced by two prior felony convictions, was assessed at 94 years
in prison. On appeal, appellant contends that:  (1) the trial court erroneously
denied his motion to suppress evidence and (2) the punishment assessed was
grossly disproportionate to the crime committed, thereby violating the Eighth
Amendment to the United States Constitution.  We affirm.   

I.  BACKGROUND[1]

            On April 26,
2006, the Galveston Police Department and emergency medical responders arrived
at appellant’s apartment after receiving a call requesting medical assistance
for a two-month-old baby suffering seizures.  Upon arrival, Officers Ernesto
Garcia and Lee Gonzales began investigating the cause of the child’s injury and
asked appellant for consent to search the apartment.  Appellant agreed and signed
the following written “Waiver of Search”: 

I, Luis Morales, having been informed of my constitutional
right not to have a search made of the premises hereinafter mentioned without a
search warrant, and of my right to refuse to consent to such a search, hereby
authorize E. Garcia 393, an Officer for the Galveston Police Department, or
his/her representatives, to conduct a complete search of my premises . . . . This
Officer is authorized by me to take from my premises any letters, papers,
materials, and/or other property which they may desire.  This written
permission is being given by me to the above named Officer voluntarily without
any threats or promises of any kind.

            Officers then
searched appellant’s apartment, and during the search, Officer Gonzales discovered
a handgun under a mattress in the master bedroom.  Officer Gonzales photographed
the handgun, but did not seize it during the search.  Officers later learned
that appellant was a convicted felon recently released from prison and, therefore,
prohibited from possessing a firearm.  Detective Holly Johnson of the Galveston
Police Department then requested consent from appellant to search his apartment
for a second time, but he refused.  Despite appellant’s refusal, Detective
Johnson obtained a search warrant authorizing the search of appellant’s
apartment and seizure of the handgun previously observed by Officer Gonzales in
appellant’s apartment.  Upon executing the warrant, the handgun was seized, and
appellant was subsequently charged by felony indictment with unlawful
possession of a firearm by a felon.[2]

            Appellant pleaded
not guilty, and his case was tried to a jury.  At trial, appellant challenged
the apartment search and moved to suppress the handgun from evidence. 
Specifically, appellant argued that he consented only to a search for evidence
relevant to the injuries suffered by the child subject of the emergency call. 
He contended that the scope of his consent did not include a search under his bedroom
mattress.  Appellant’s motion was denied, and the jury ultimately convicted
appellant of unlawful possession of a firearm by a felon as charged in the
indictment.  At punishment, the State sought to enhance appellant’s punishment
by producing evidence of appellant’s prior felony convictions for attempted
murder in 1993 and aggravated assault in 1998.[3]
 Appellant’s sentence was enhanced by the two prior felony convictions, and he was
sentenced to 94 years in prison.  

            On appeal,
appellant contends that:  (1) the trial court erroneously denied his motion to
suppress evidence and (2) the punishment assessed was grossly disproportionate
to the crime committed, thereby violating the Eighth Amendment to the United
States Constitution. 

II.  MOTION TO SUPPRESS

            In his first
issue, appellant argues that the trial court erred by denying his motion to
suppress the handgun seized from his apartment.  We review a trial court’s
ruling on a motion to suppress for an abuse of discretion.  Dyar v. State,
125 S.W.3d 460, 462 (Tex. Crim. App. 2003); Villareal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996).  The trial court is the sole factfinder
at a suppression hearing, and it may believe or disbelieve all or any part of a
witness’s testimony.  Amador v. State, 275 S.W.3d 872, 878 (Tex. Crim.
App. 2009); State v. Callaghan, 222 S.W.3d 610, 612 (Tex. App.—Houston
[14th Dist.] 2007, pet. ref’d).  Moreover, “the trial court, like any
factfinder, may make reasonable inferences from the evidence presented.”  Amador,
275 S.W.3d at 878.  We give almost total deference to the trial court’s
determination of historical facts that depend on credibility and demeanor, but
review de novo the trial court’s application of the law to the facts if
resolution of those ultimate questions does not turn on the evaluation of
credibility and demeanor.  State v. Garcia-Cantu, 253 S.W.3d 236, 241
(Tex. Crim. App. 2008); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000).  Further, we will sustain the trial court’s ruling if it is
reasonably supported by the evidence and is correct on any theory of law
applicable to the case.  Ramos v. State, 245 S.W.3d 410, 417–18 (Tex.
Crim. App. 2008).

            Here, the State
introduced the written “Waiver of Search” signed by appellant authorizing
officers to “conduct a complete search of [the] premises . . .  [and] to take .
. .  any letters, papers, materials, and/or other property which they may
desire.”  Pursuant to this written consent, officers conducted a complete
search of the apartment, including the bedroom mattress, which revealed the
handgun.  Appellant, however, insists that he was under the impression that
officers would limit their search to areas necessary to investigating his
child’s injury, which did not include searching under the bedroom mattress.  Appellant
contends that because he did not give officers consent to search under his
bedroom mattress, the search was illegal.  Accordingly, he argues that the
fruits of the search— the subsequent search warrant and seizure of the handgun—
should have been suppressed at trial.  Appellant’s suppression challenge,
therefore, is directed at the scope of his consent to officers to search the
apartment.              

            When an
individual voluntarily consents to a search, an officer’s authority to perform
the search is not without limit.  Harris v. State, 994 S.W.2d 927, 931
(Tex. App.—Waco 1999, pet. ref’d).  The extent of the search is limited to the
scope of the consent given, and the scope of the consent is generally defined
by its expressed object.  Florida v. Jimeno, 500 U.S. 248, 250–51
(1991); Harris, 994 S.W.2d at 931.  The standard for measuring
the scope of a suspect’s consent is “objective” reasonableness: what the
typical reasonable person would have understood by the exchange between the
officer and the individual.  Jimeno, 500 U.S. at 251.

            In this case, appellant
signed a written waiver authorizing officers to conduct a “complete search” of his
apartment.  Appellant neither challenges the voluntariness or validity of the
written consent, nor does he cite to any evidence in the record reflecting any explicit
limitations by him on the written consent.  Although appellant contends that he
believed officers would only search areas relevant to the investigation of his
child’s injury, there is no evidence that appellant expressed any limitation on
his written consent to officers to search the entire apartment.  Furthermore,
Officer Gonzales testified that although he told appellant he would be
searching for possible causes of the child’s injury, including hazardous
chemicals or bedding the child may have come into contact, officers intended to
search the “whole area” of the apartment.  Because appellant signed a valid written
waiver authorizing a complete search of the apartment without any express
limitations and because the search conducted by officers did not exceed the
scope of the written consent given, we conclude that the trial court acted
within its discretion in finding that officers had consent to search the entire
apartment, including under the bedroom mattress.  The trial court’s denial of
appellant’s motion to suppress was not an abuse of discretion.  Accordingly, we
overrule appellant’s first issue.   

III.  PUNISHMENT 

In his second issue, appellant argues that his
sentence of 94 years in prison is disproportionate to the offense for which he
was convicted and, therefore, violates the Eighth Amendment to the United
States Constitution.  A defendant’s punishment may not be grossly
disproportionate to the crime for which he is convicted.  See Solem
v. Helm, 463 U.S. 277, 290 (1983); Harris v. State, 204 S.W.3d 19,
29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  A sentence is grossly
disproportionate to a crime only when an objective comparison of the gravity of
the offense against the severity of the sentence reveals the sentence to be
extreme.  Harris, 204 S.W.3d at 29; Hicks v. State, 15 S.W.3d
626, 632 (Tex. App.—Houston [14th Dist.]  2000, pet. ref’d).  In its
proportionality analysis, a reviewing court must first review whether the
sentence is grossly disproportionate to the offense.  Hicks, 15 S.W.3d
at 632.  If the reviewing court determines the sentence to be grossly
disproportionate to the crime committed, then it compares (1) sentences for
similar crimes in the jurisdiction and (2) sentences for the same crime in
other jurisdictions.  Id.  Thus, we weigh first the gravity of the crime
committed by appellant against the severity of his punishment.  

Appellant was punished as a habitual offender under
section 12.42(d).  See Tex. Penal Code § 12.42(d).  Under section
12.42(d), a sentence is based not merely upon that defendant’s most recent
offense but also on the propensities he has demonstrated over a period of time
during which he has been convicted of and sentenced for other crimes.  See
Harris, 204 S.W.3d at 29.  Thus, the offense committed, unlawful
possession of a handgun by a felon, was enhanced by appellant’s criminal
history, which included attempted murder, aggravated assault, and possession of
cocaine with the intent to deliver.  Comparing the underlying offense of
possession of a firearm by a felon, the two prior violent crimes of attempted
murder and aggravated assault, and the prior offense of possession of cocaine
with the intent to deliver to appellant’s sentence of 94 years in prison, we
conclude that the punishment is not grossly disproportionate.  See id.

Moreover, punishment assessed within the statutory
range is generally not deemed to be cruel and unusual.  Id.  The range
of punishment for an habitual offender with two prior convictions is 25 to 99
years, or life in prison.  Tex. Penal Code § 12.42(d). Appellant was sentenced
to 94 years in prison, within the range of the statute.   Accordingly, appellant’s
sentence was not grossly disproportionate to the crime committed.  We overrule
appellant’s second issue and affirm the trial court’s judgment.[4]                                                

                                                            /s/        Adele
Hedges

                                                                        Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Because the sufficiency of the evidence is not challenged, we recite only the
facts necessary for the disposition of the appeal.

 





[2]
A person commits the offense of unlawful possession of a firearm when he
possess a firearm after he has been convicted of a felony and before the fifth
anniversary of his release from confinement following conviction or his release
from supervision under community supervision, parole, or mandatory supervision,
whichever date is later.  See Tex. Penal Code § 46.04(a)(1).





[3]
The offense of unlawful possession of a firearm carries a penalty range of two
to ten years in prison.  Tex. Penal Code §§ 12.34(a), 46.04(e).  However, this
punishment range can be enhanced to 25 to 99 years or life in prison if the
defendant has two prior felony convictions.  See id. § 12.42(d).





[4]Having
found that appellant’s sentence is not grossly disproportionate to the crime
committed, we need not examine the remaining Solem factors.  Hicks,
15 S.W.3d at 632.