**Affirmed and Memorandum Opinion filed February 25, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00778-CR

---

## LAUREN ASHLEY ADETUNJI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1715891**

---

## M E M O R A N D U M   O P I N I O N

Appellant Lauren Adetunji appeals her conviction for prostitution. *See* Tex. Penal Code Ann. § 43.02(a)(1) (West Supp. 2013). In three issues, appellant argues that (1) the evidence presented at trial was insufficient to support her conviction, and that the trial court erred by (2) admitting evidence of an extraneous offense, and (3) omitting a jury instruction regarding illegally obtained evidence requested under Article 38.23(a) of the Texas Code of Criminal Procedure.

Because we conclude the evidence was sufficient, admitting the extraneous offense was not an abuse of discretion, and the omission of the jury instruction was proper, we affirm the judgment of the trial court.

## BACKGROUND

Officers Tomlinson and Fondon went to a club as undercover officers for the narcotics division of the Houston Police Department, looking for prostitution or narcotics offenses. The officers wore plain clothes and used a cover story that they were in town for an oil and gas convention, staying at a nearby hotel.

Appellant, one of the dancers at the club, approached the officers who would arrest her later that evening on a charge of prostitution. Officer Tomlinson purchased a "table dance" from appellant, which caused the two to leave Officer Fondon and go to a booth near the officers' table. At appellant's trial, Officer Tomlinson admitted to purchasing two alcoholic beverages for appellant prior to their conversation recounted below, at least one of which she consumed. In addition, both Officer Tomlinson and the appellant agreed that during her performance, Officer Tomlinson asked appellant about oral sex and the appellant informed him that she does not enjoy it. Their accounts differed as to the remainder of the conversation.

Officer Tomlinson testified that the conversation began because he asked appellant how much she would charge him for oral sex, and that after appellant hinted that she liked other sexual acts, he asked her how much she would charge him for intercourse. According to Officer Tomlinson, appellant then quoted a price of $300. Officer Tomlinson testified that they "agreed on it" and that appellant immediately suggested they go to the V.I.P. room. Officer Tomlinson testified that because he could not actually engage in the act, he suggested a later meeting at "the hotel they had been discussing" rather than the V.I.P. room, and

2

that the appellant agreed to meet him there once she finished work. At the end of the conversation, Officer Tomlinson had the "understanding that [he was] going to meet somewhere else with the [appellant] and someone else and Officer Fondon."

In contrast, appellant testified that Officer Tomlinson only asked her about her sexual preferences in the abstract, and did not ask her about performing any sexual acts with him specifically. She also testified that Officer Tomlinson was the one who brought up the V.I.P. room by asking about its cost. Appellant testified that she told him the club charged $300 for the use of the V.I.P. room, which included a minimum of 15 dances and a bottle of liquor.

At her trial, appellant moved to exclude testimony about her conversation with Officer Tomlinson, as well as any other statements she made after Officer Tomlinson purchased alcoholic beverages for her. Appellant, who was twenty years old at the time, argued that her statements should be excluded pursuant to Article 38.23(a) of the Texas Code of Criminal Procedure because Officer Tomlinson illegally "purchased . . . alcohol [for her] in order to gain her trust to get close enough to her to have dances to then engage her in . . . conversation." Although the State did not deny Officer Tomlinson's violation of Texas's Alcoholic Beverage Code, it argued the evidence was admissible because appellant had not proved that the illegal act caused her to make the statements at issue. The trial court denied appellant's motion.

During the charge conference, appellant moved to include a jury instruction that would permit the jury to disregard any testimony it believed was improperly obtained by a violation of Texas law. Although the witnesses' testimony conflicted regarding Officer Tomlinson's awareness of appellant's age, Officer Tomlinson admitted to purchasing alcohol for appellant. Appellant argued the jury instruction was mandatory in light of unresolved fact questions regarding Officer

3

Tomlinson's knowledge that appellant was underage and whether her statements were obtained as a result of his purchases of alcohol. The trial court denied the motion.

Appellant also disputed the substance of a conversation she had with Officer Fondon later the same evening. Appellant testified that although Officer Fondon requested that she bring other dancers over to his table, he never asked her about sex or anything of a sexual nature. Officer Fondon testified, however, that appellant entered into an agreement with him "that she was going to get a friend to go with us to a hotel room for sex" for a fee of $300. He also testified that appellant instructed him to "pay her first." According to Officer Fondon, this agreement took place after Officer Tomlinson received his second table dance.

In addition to disputing the substance of the conversation, appellant objected to the introduction of Fondon's testimony about their agreement, characterizing it as extraneous to the act of prostitution with which she was charged. Appellant argued that she lacked notice that the conversation would be introduced and that it had no relevance either as a separate act of prostitution or as a suggestion that appellant was promoting prostitution. The State argued that appellant's interaction with Officer Fondon provided evidence of her mental state and that it was "all part of [the] conversation to engage in prostitution."

The jury found appellant guilty of committing prostitution by agreeing to engage in sexual conduct with Officer Tomlinson for a fee. This appeal timely followed.

## ANALYSIS

Appellant raises three issues on appeal. First, appellant contends that the evidence admitted at trial was insufficient to support her conviction. Second,

appellant argues that the trial court abused its discretion in admitting evidence of a separate act of prostitution with Officer Fondon. Third, appellant argues that the trial court erred in refusing to submit a jury instruction that would have permitted the jury to disregard key evidence if it found Officer Tomlinson obtained that evidence by illegally purchasing alcohol for her. We consider each issue in turn.

## I. Sufficient evidence supports appellant's prostitution conviction.

Appellant argues that the evidence at trial proved at most an offer to engage in sexual conduct. Because she was not charged with offering to engage in sexual conduct, but only with agreeing to engage in such conduct, she contends this evidence is insufficient to support her conviction. We hold that sufficient evidence was presented for the jury to infer that appellant did agree to engage in sexual conduct for a fee, and we therefore overrule appellant's first issue.

Due process requires that the record contain sufficient evidence from which a rational fact finder could find each essential element of the charge beyond a reasonable doubt. *Hughes v. State*, 625 S.W.2d 827, 829 (Tex. App.—Houston [14th Dist.] 1981, no pet.) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). The fact finder is free to credit all or part of a witness's testimony as well as to resolve conflicts in testimony. *Coe v. State*, No. 14-10-00929-CR, 2012 WL 1899179, at *12 (Tex. App.—Houston [14th Dist.] May 24, 2012, pet. ref'd). The testimony of a single eyewitness can be sufficient to support a conviction. *Romero v. State*, 406 S.W.3d 695, 697 (Tex. App.—Houston [14th Dist.] 2013, pet. struck).

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Uyamadu v. State*, 359 S.W.3d 753, 757 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). If the "record support[s] contradictory inferences, we presume the jury resolved conflicts in favor of the verdict." *Lashley v. State*, 401 S.W.3d 738, 743 (Tex. App.—Houston [14th Dist.]

2013, no pet.) (citing *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)).

The offense of prostitution is committed by knowingly offering to engage, agreeing to engage, or engaging in sexual conduct for a fee. *See* Tex. Penal Code Ann. § 43.02(a)(1). Offering to engage in sexual conduct for a fee and agreeing to engage in sexual conduct for a fee are distinct means of committing the offense, *Milczanowski v. State*, 645 S.W.2d 445, 446 (Tex. Crim. App. 1983), and here appellant was charged only with agreeing. The jury may rely on circumstantial evidence to infer the existence of an agreement, for which there is rarely direct evidence. *Nwosoucha v. State*, 325 S.W.3d 816, 831 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Here, the evidence was sufficient to establish that appellant agreed to engage in sexual conduct for a fee. It was within the province of the jury to determine whether Officer Tomlinson and appellant were discussing appellant's sexual preferences in general or in the specific context of services available for purchase. Disregarding appellant's conflicting testimony, the jury could reasonably have believed Officer Tomlinson's testimony that the $300 fee appellant quoted was for intercourse and not the use of the V.I.P. room. Officer Tomlinson testified that he and appellant agreed on this fee.

Moreover, given the evidence that appellant and Officer Tomlinson were negotiating for sexual favors, the jury could infer that an agreement had been reached when the conversation turned to suitable locations. Thus, the jury could infer that appellant had agreed to perform the act when she said they could use the V.I.P. room. *See Anguiano v. State*, 774 S.W.2d 344, 346 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding evidence sufficient where defendant's statement that she and the undercover officer would "have to go to a motel down

the street" followed a discussion about pricing for various sexual acts); *cf. Melendez v. State*, 194 S.W.3d 641, 643–44 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (noting that defendant's invitation to a private room would afford the opportunity to engage in physical contact which would violate applicable laws without being observed by others). In addition, the jury could reasonably infer that appellant had agreed to perform the act when, as Officer Tomlinson testified, she instead agreed to meet him later at a hotel.

Because Officer Tomlinson's testimony provided sufficient evidence from which the jury could infer an agreement to have sexual intercourse for money, we overrule appellant's first issue.

## II. The trial court did not abuse its discretion by admitting Officer Fondon's testimony.

In her second issue, appellant complains that the trial court admitted evidence of an extraneous act of prostitution involving Officer Fondon. As explained above, the trial court allowed Officer Fondon to testify that appellant agreed "to get a friend to go with us to a hotel room for sex" for a fee of $300, and told Fondon to pay her first. Appellant argues that admitting Officer Fondon's testimony harmed her because (1) her lack of notice affected her ability to defend against Officer Fondon's allegation, and (2) his testimony significantly bolstered the State's case. Because we hold the trial court could reasonably have viewed Officer Fondon's testimony as evidence of appellant's knowledge, as well as admissible same-transaction contextual evidence exempt from Rule 404(b)'s notice requirement, we overrule appellant's second issue.

**A.  Officer Fondon's testimony can reasonably be viewed as evidence of knowledge and same-transaction contextual evidence.**

We review a trial court's determination of the admissibility of extraneous acts for abuse of discretion.  *Lacaze v. State*, 346 S.W.3d 113, 121 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).  A trial court's ruling is an abuse of discretion if it is "so clearly wrong as to lie outside the zone within which reasonable people might disagree."  *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

During the guilt-innocence phase of a criminal trial, admitting evidence of "other crimes, wrongs or acts" is erroneous if the evidence's only relevance is to suggest that the defendant committed the charged offense in conformity with a bad character.  Tex. R. Evid. 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).  Such evidence is admissible, however, if it is relevant to other matters, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Tex. R. Evid. 404(b); *see Berry v. State*, 233 S.W.3d 847, 858 (Tex. Crim. App. 2007).

Additionally, evidence of an uncharged offense is admissible as same-transaction contextual evidence if it is "intermixed or blended with [the charged offense], or connected so that they form an indivisible criminal transaction, such that full proof of one could not be given without showing the other."  *Buchanan v. State*, 911 S.W.2d 11, 15 (Tex. Crim. App. 1995).  An extraneous offense that constitutes same-transaction contextual evidence is admissible not because it "has any evidential purpose" in proving the charged offense, but "simply because in narrating the one it is impracticable to avoid describing the other."  *Mayes v. State*, 816 S.W.2d 79, 86 n.4 (Tex. Crim. App. 1991) (quoting 2 Wigmore, Evidence, Sec. 365 (Chadborne rev. 1979)).  For example, the extraneous offense is

8

admissible where "avoiding reference to it would make the State's case incomplete or difficult to understand." *Prible v. State*, 175 S.W.3d 724, 732 (Tex. Crim. App. 2005). Same-transaction contextual evidence is therefore admissible only to the extent necessary to the jury's understanding of the charged offense. *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000); *see also Moreno v. State*, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986) ("[T]he jury is entitled to know all the relevant surrounding facts and circumstances of the charged offense; an offense is not tried in a vacuum.").

Here, the agreement and "understanding" Officer Tomlinson ultimately testified he had with appellant was that she would be paid $300 to engage in sexual intercourse with him when she and a friend met him and Officer Fondon at the officers' supposed hotel later in the evening. Officer Tomlinson testified he could not agree to pay appellant to engage in sex with him in the V.I.P. room because she would have expected him to consummate the agreement immediately. In order to postpone her expectations without raising suspicion, he chose instead to agree to a meeting later in the evening between the two officers and appellant and her friend.

Reading this testimony together with Officer Fondon's supports a reasonable conclusion that when Officer Fondon testified appellant agreed "to get a friend to go with us to a hotel room for sex" for the same sum of $300, the "us" included Officer Tomlinson as well. Officer Fondon's testimony thus tends corroborate that appellant's agreement to engage in sexual conduct for a fee was made knowingly. *See* Tex. R. Evid. 404(b) (evidence of extraneous offense may be admissible if relevant to prove knowledge). Moreover, the officers' testimony taken together tends to show that appellant's discussions with each of them formed part of an indivisible criminal transaction. *See Buchanan*, 911 S.W.2d at 15.

9

Because this evidence could reasonably be viewed as an agreement by appellant to involve a friend in the bargain, and not to engage in sexual conduct with Officer Fondon herself, the trial court had discretion to conclude that Officer Fondon was not testifying to appellant committing an additional act of prostitution. Furthermore, given the evidence that the contemplated transaction involved four parties, rather than two, it may have been impractical for either officer to narrate his discussion with appellant while avoiding any reference to the other two parties to the agreement. *See Prible*, 175 S.W.3d at 731 (holding it was within the zone of reasonable disagreement to admit testimony that the fire defendant set resulted in the death of two children, although they were not the complainants, because the evidence "was necessary to fully understand the situation as neighbors and firefighters found it"). It was therefore within the zone of reasonable disagreement for the trial court to admit Officer Fondon's testimony as same-transaction contextual evidence.

Appellant's characterization of her discussion with Officer Fondon as a separate and unrelated transaction is not an incredible one. Our role on appeal, however, is to determine whether the State's alternative characterization—that appellant and Officer Tomlinson were engaged in negotiations resulting in an agreement involving four parties—is outside the zone of reasonable agreement. *See Ross v. State*, 154 S.W.3d 804, 808 (holding that in reviewing the admission of evidence, "our role is limited to determining whether the record supports the trial court's ruling"). We cannot say that it is.

Of course, it may not have been necessary for Officer Tomlinson to involve Officer Fondon or appellant's friend in order to induce appellant to agree to engage in sexual conduct with him. But even if true, this fact would not refute the reasonableness of the State's characterization of the agreement. Instead,

10

appellant's arguments at trial merely suggested that Officer Tomlinson could have entered into a different and simpler agreement with the appellant than the one to which he testified. These arguments do not attack the reasonableness of the trial court's admission of the evidence so much as Officer Tomlinson's choices during the investigation, which are not the subject of our review.

Nor can we say that it was outside the zone of reasonable agreement for the trial court to conclude that Officer Fondon's testimony was necessary to the jury's proper understanding of the agreement. Because Officer Tomlinson testified only that it was his understanding that he was "going to meet somewhere else with [appellant] and someone else and Officer Fondon," excluding Officer Fondon's testimony might have made the offense seem incomplete and difficult for the jury to understand. For example, without Officer Fondon's testimony, the jury might have been confused as to why Officer Tomlinson and appellant were meeting with two other people when they were supposedly planning to engage in intercourse with each other.

Nor was it outside the zone of reasonable agreement for the trial court to conclude that appellant's instruction to Officer Fondon to "pay her first" was integral to his narrative of their discussion. The instruction provides a reason for appellant to have approached Officer Fondon at all in order to discuss the arrangements she had already made with Officer Tomlinson. *Cf. Lockhart v. State*, 847 S.W.2d 568, 569–71 (Tex. Crim. App. 1992) (in trial for police officer's death, evidence that the officer was following up on an earlier sighting of appellant driving a car with a stolen license plate was vital to the jury's comprehension of why the officer was in appellant's motel room when he was murdered); *Crivello v. State*, 4 S.W.3d 792, 796, 98 (Tex. App.—Texarkana 1999, no pet.) (testimony that police were following up on a bar fight was necessary to the jury's understanding

of why the police were at the apartment and why chase was initially given).  In addition, appellant's payment instruction to Officer Fondon contextualizes the transaction: it suggests payment would be made just before the agreed-upon sexual conduct, thereby helping to explain why—as appellant pointed out in her cross-examination of Officer Tomlinson—the officers did not recover any money that had been exchanged for sex.

We note that the trial court did place limits on Officer Fondon's testimony in order to ensure the jury would not hear more than was necessary to understand the parameters of the agreement.  The trial court prevented the jury from hearing, or instructed them to disregard, testimony and argument suggesting that appellant intended to "take a cut" from the money Officer Fondon was to pay.  This limited the extent to which Officer Fondon's testimony would suggest the separate offense of promotion of prostitution.  *See* Tex. Penal Code § 43.03 (West Supp. 2013) (promotion of prostitution requires intent to receive compensation for prostitution services rendered by someone else).

Because Officer Fondon's testimony can reasonably be viewed as evidence of appellant's knowledge and as same-transaction contextual evidence, we hold the trial court's ruling admitting his testimony was within the zone of reasonable disagreement and thus not an abuse of discretion.

**B.     Notice of intent to use same-transaction contextual evidence is not required.**

Appellant also argues that her lack of notice of Officer Fondon's allegation affected her ability to defend against it, depriving her of her constitutional right to due process and a fair trial.  Even the erroneous admission of an extraneous offense would not be constitutional error, however.  *Fox*, 283 S.W.3d at 95.  Furthermore, Rule 404(b) states that its provision for pre-trial notice of the State's intent to

admit evidence of other crimes, wrongs, or acts does not apply to evidence "arising in the same transaction," i.e. same-transaction contextual evidence. *See McDonald v. State*, 179 S.W.3d 571, 577 (Tex. Crim. App. 2005). Because the State was not required to give notice that it would introduce Officer Fondon's conversation with appellant, we need not consider whether appellant was provided with sufficient notice or whether she suffered harm from the lack of notice. We therefore overrule appellant's second issue.

### III. Appellant did not identify a material factual dispute that would warrant a jury instruction pursuant to Article 38.23(a).

In her third issue, appellant argues that the trial court committed reversible error in denying her request for a jury instruction pursuant to Article 38.23(a) of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. Art. 38.23(a) (West 2005). Appellant has not appealed the trial court's refusal to suppress the officers' testimony, so we do not address whether the testimony was properly admitted, but only whether appellant was entitled to a jury instruction authorizing the jury to disregard the contested testimony. Because appellant did not affirmatively contest a material factual issue regarding how the evidence was obtained, we hold the trial court correctly omitted the instruction.

In reviewing the correctness of a jury charge, we determine first whether error exists, and second whether the error resulted in a sufficient degree of harm to require reversal of the conviction. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

The Code of Criminal Procedure requires the exclusion of evidence "obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas." Tex. Code Crim. Proc. Ann. Art. 38.23(a). The defendant must show a causal connection between the alleged

13

violation and the acquisition of evidence. *Pham v. State*, 175 S.W.3d 767, 773 (Tex. Crim. App. 2005); *Gonzales v. State*, 67 S.W.3d 910, 912 (Tex. Crim. App. 2002) ("Our decisions have established that evidence is not 'obtained . . . in violation' of a provision of law if there is no causal connection between the illegal conduct and the acquisition of evidence."); *State v. Callaghan*, 222 S.W.3d 610, 615–16 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Once this causal connection has been shown, the burden shifts to the State to either disprove the defendant's causal evidence or show that the violation is so far removed from the acquisition of evidence that the causal chain is broken. *Pham*, 175 S.W.3d at 773.

Where the evidence's admissibility hinges on a question of fact, Article 38.23(a) provides for an instruction directing the jury to disregard evidence that it believes or reasonably doubts was obtained in violation of the Constitution or laws of the State of Texas. Tex. Code Crim. Proc. Art. 38.23(a). In contrast, "[w]here the issue raised by the evidence at trial does not involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court." *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012) (emphasis removed).

To establish that admissibility hinges on a fact question and therefore an instruction is warranted, the defendant must show that (1) the evidence heard by the jury raises an issue of fact, (2) the defendant affirmatively contests the evidence on that issue of fact, and (3) the contested factual issue is "material to the lawfulness of the challenged conduct in obtaining the evidence." *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *see also Grubbs v. State*, No. 14-12-00681-CR, 2013 WL 4487565, at *5 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013) (Because cross-examiner's questions could not affirmatively contest the officers' undisputed testimony, "there was no conflict in the evidence that raised a

disputed fact issue material to the legal question . . . .").

Here, appellant was not entitled to a jury instruction under Article 38.23(a) because the only disputed issue of fact that she identifies—Officer Tomlinson's awareness of her underage status—is immaterial to either the lawfulness of the officer's conduct or whether that conduct caused her to commit the offense. *See Boutang v. State*, 402 S.W.3d 782, 792 (Tex. App.—San Antonio 2013, pet. ref'd) ("Although [appellant] raise[d] some disputed facts, they are not material to the provision of a jury instruction on probable cause.").

The Texas Alcoholic Beverage Code criminalizes the purchase of an alcoholic beverage for a person under the age of twenty-one without regard to whether the purchaser knows the recipient is underage. *See* Tex. Alco. Bev. Code Ann. § 106.01, 106.06(a) (West 2007 & Supp. 2013). There is no dispute in the record that Officer Tomlinson purchased alcoholic beverages for appellant when she was under the age of twenty-one. Instead, appellant points to the conflicting testimony regarding Officer Tomlinson's awareness that she was underage. While this conflict certainly raises a fact question, that question is immaterial to the lawfulness of Officer Tomlinson's purchases of alcohol for appellant. Therefore, this fact question did not warrant a jury instruction under Article 38.23(a).[1]

Nor was there any other factual dispute calling for an instruction. Even if appellant's potential intoxication could be considered an issue of fact bearing on how her agreement was obtained (an issue we do not decide),[2] appellant does not

---

[1] Because we hold that the fact question appellant identified was immaterial to the lawfulness of the purchases, we need not address the State's argument that the scope of Article 38.23(a) does not include violations of section 106.06 of the Alcoholic Beverages Code because such violations are "unrelated to the purpose of the exclusionary rule or the prevention of the illegal procurement of evidence of crime." *See Wilson v. State*, 311 S.W.3d 452, 459 (Tex. Crim. App. 2010).

[2] *Compare Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004) (evidence must

point to any evidence of intoxication to contest this issue. Appellant's cross-examination of Officer Tomlinson during the suppression hearing emphasized that his opinion of appellant's lack of intoxication was "just based on a visual observation" and that he had never received any special training in that field. But cross-examination questions themselves are not an affirmative contest for Article 38.23(a) purposes, so appellant did not meet the prerequisites for a jury instruction on this issue. *See Grubbs*, 2013 WL 4487565, at \*5.

Because appellant did not identify a factual issue raised by the evidence that was both material to the officers' obtainment of evidence and disputed, we affirm the trial court's rejection of appellant's request for an Article 38.23(a) jury instruction. We overrule appellant's third issue.

## CONCLUSION

Having overruled appellant's three issues, we affirm the judgment of the trial court.

/s/    J. Brett Busby
        Justice

Panel consists of Justices McCally, Busby, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

raise a "factual dispute about how the evidence was obtained") *and Thomas v. State*, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986) (Article 38.23(a) instruction "directs a jury to disregard evidence if it resolves, in a defendant's favor, the factual dispute concerning the manner in which the evidence was obtained") *with Madden*, 242 S.W.3d at 510 (factual dispute must be "material *to the lawfulness* of the challenged conduct" (emphasis added)).

16