Charles Richard **BROTHERTON**,
Appellant,

v.

**STATE of Texas, Appellee.**

**No. C14–82–516CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 28, 1983.

Discretionary Review Refused
Jan. 11, 1984.

Catherine Greene, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This appeal arises from a conviction by a jury for murder. The jury assessed punishment at confinement for forty-five years and a $1,000.00 fine. We affirm.

Appellant does not challenge the sufficiency of the evidence, so we include only a brief rendition of the facts surrounding the offense.

On August 4, 1981 appellant was visiting an apartment occupied by Verna Blitch Hathaway (the deceased) and her boyfriend Bob Rutledge. Amid a heated discussion among those three persons, appellant shot Hathaway in the head. Appellant admitted that he killed Hathaway, but insisted that Hathaway was wielding a knife in an attempt to kill appellant when the fatal shot was fired.

In his third ground of error, appellant complains of the court's charge, to wit:

Now, *if you find from the evidence beyond a reasonable doubt* that the defendant, Charles Richard Brotherton, did intend to cause serious bodily injury to Verna Blitch Hathaway, and did cause the death of Verna Blitch Hathaway, by committing an act clearly dangerous to human life, namely, by shooting her with a firearm, *but you further find from the evidence* that viewed from the standpoint of the defendant at the time, from the words or conduct, or both, of Verna Blitch Hathaway, it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation of fear of death or serious bodily injury from the use of unlawful deadly force at the hands of

Verna Blitch Hathaway, and that acting under such apprehensions, he reasonably believed that the use of deadly force on his part was immediately necessary to protect himself against Verna Blitch Hathaway's use or attempted use of unlawful deadly force, and he did intend to cause serious bodily injury to Verna Blitch Hathaway, and did cause the death of Verna Blitch Hathaway by committing an act clearly dangerous to human life, namely by shooting her with a firearm, and that a reasonable person in defendant's situation would not have retreated, then you should acquit the defendant on the grounds of self defense; *or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the benefit of that doubt to the defendant and acquit him,* and say by your verdict "not guilty." (emphasis added)

Appellant contends that the foregoing instructions are contrary to TEX.PENAL CODE ANN. § 2.03(d) (Vernon 1974) which states, "If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted." Specifically, appellant contends the instruction on self-defense shifted the burden of proof to appellant. He contends, "there should be no problem in clearly stating in the jury instruction that the state has the burden of *disproving* the defensive issue beyond a reasonable doubt." He urges us to directly impose this burden of persuasion upon the state with an instruction which would require acquittal unless the state *disproved* beyond a reasonable doubt the truth of the defensive facts of self-defense.

We are unable to find any current Texas case which would require a charge to state specifically that the state must *disprove justification* in order to prove murder. The charge in the instant case concerned *self-defense*, which excuses, not mitigates, the homicide. We decline to impose a "lack of justification" as an element in the

charge which must be specifically disproved by the state when the issue of self-defense is raised by the evidence. As appellant concedes, the instant charge meets the requirements of *Luck v. State*, 588 S.W.2d 371 (Tex.Cr.App.1979) (opinion on motion for rehearing) *cert. denied*, 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799 (1980). The jury was required to acquit appellant if they believed he was acting in self defense or the jury had a reasonable doubt thereof. The charge stated that the burden of proof beyond a reasonable doubt was on the state and contained instructions on the presumption of innocence. We adhere to the ruling in *Luck* and overrule ground of error three.

By ground of error four, appellant contends he was denied effective assistance of counsel. Appellant complains of his attorney's performance in four respects: (1) In calling Carla Brotherton, appellant's wife, to testify; (2) in failing to assert a "marital privilege" objection to Mrs. Brotherton's testimony; (3) in failing to preserve error which allegedly occurred during summation; and (4) in failing to object to the state's testimony concerning trace metal detection tests.

Carla Brotherton testified about the previous relationship between appellant and Hathaway, including Hathaway's assaultive acts of the previous day which led to appellant's being in possession of Hathaway's gun. On cross-examination, the state questioned Mrs. Brotherton about a conversation with appellant immediately following the shooting. Mrs. Brotherton testified that appellant told her he had killed the deceased, and that they should "leave the[ir] apartment." Appellant's counsel made a hearsay objection to the testimony which was overruled by the court. Appellant now claims that Mrs. Brotherton's testimony opened the door for the state to impeach her with a prior statement she gave the police in which she made no mention of self-defense. Appellant urges that a pre-trial interview between appellant's trial counsel and Mrs. Brotherton would have revealed that she had given

a statement to the police and had not mentioned appellant's claim that Hathaway had a knife at the time of the shooting. Appellant claims that proper preparation would have alerted trial counsel to this possible ground of impeachment.

■ Appellant concedes a decision to call a witness is generally a matter of trial strategy. *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980). Furthermore, failure to interview a witness will be considered ineffective assistance of counsel when an inaction precludes the accused from advancing a viable defense. *Id.* at 517. We are not convinced that counsel's calling Mrs. Brotherton or his failing to assert a privilege harmed the defense or prevented appellant from advancing his only viable defense. Initially, there is no showing that appellant's trial counsel in fact failed to interview appellant's wife prior to trial. Secondly, Mrs. Brotherton's testimony showed that appellant shot the deceased and then wanted to leave the vicinity. However, appellant admitted to the shooting, and Lance Burch, neighbor of appellant, saw appellant at approximately 7:00 p.m. on the day of the shooting running through the apartment complex with a gun in his right rear pocket. Appellant admitted that he panicked and fled the apartment complex after the shooting. Appellant contends Mrs. Brotherton's impeachment was a fatal blow to appellant's defensive theory. However, we remain unconvinced that Mrs. Brotherton's testimony alone obliterated appellant's claim of self-defense. Appellant ignores the other factors which hurt the self-defense theory: testimony from two witnesses about a conversation with appellant on the day of the shooting, wherein appellant stated, "I think I'm going to kill that bitch," (referring to Hathaway); another witness's testimony that as appellant pointed the gun at the deceased, Hathaway said, "[g]o on and shoot me"; and as appellant candidly admits, the failure to call his wife would have been fair ground for comment by the state in summation. *Boles v. State*, 598 S.W.2d 274 (Tex.Cr.App.1980).

As for the state's rebuttal testimony, appellant maintains that his attorney should have moved to exclude the expert testimony of Officer Walt Haralson of the Houston Police Department. Haralson testified he performed a trace metal test on the deceased's hands and found no traces of metal. Appellant points to his trial counsel's cross examination of Haralson, wherein the officer admitted he had "no idea" of the scientific community's acceptance of the trace metal test, he was unaware of any statistics supporting the test's reliability and he had no knowledge of the chemical composition of the reagent spray used in the test.

Appellant maintains a proper objection leveled at the foundation for the admission of the test results or to Haralson's qualifications as an expert would have removed the testimony from the jury's consideration, thus destroying the state's rebuttal theory that the deceased did not have a knife in her hands at the time of the shooting.

Officer Haralson testified that shortly after arriving at the scene of the crime, he placed paper bags over the deceased's hands to prevent them from contacting any metal objects. At the morgue, Haralson removed the bags and sprayed Hathaway's hands with a chemical reagent, allowed the solution to dry, and viewed the victim's hands under an ultra-violet lamp. Haralson stated that Hathaway's hands showed no traces of metal.

■ The qualification of an expert witness is generally left to the court's sound discretion; there is no hard and fast rule as to the extent of knowledge required to qualify a witness as an expert in a given field. *Steve v. State*, 614 S.W.2d 137 (Tex.Cr.App.1981). Here, Haralson testified he had received specialized training from the Houston Police Department; upon arriving at the scene, he took the proper steps to avoid contamination; he sprayed the victim's hands with the proper chemical reagent and viewed them under the ultra-violet light. The court would not have erred in overruling any objection that appellant's

counsel might have made concerning the qualification of the witness or the foundation for the trace metal test. Appellant's counsel vigorously attacked Haralson's testimony, emphasizing the many factors which could have affected the test's reliability; however, these matters do not affect its admissibility. Likewise, the extent of the expert's knowledge affects the weight of his testimony, which is a matter for the trier of fact.

 Appellant complains of his counsel's failure to preserve error by not asking for a mistrial when the prosecutor made the following jury argument, "The only witness he could get to come down and lie for him was his wife," ... "This is the first time we hear about [self-defense]. His wife, who I think generally is an honorable woman, but is merely lying at trial for her husband." Counsel's objections to both statements were sustained and the jury was instructed to disregard the comments.

Appellant now argues the remarks amounted to a personal opinion by the prosecutor as to appellant's guilt. *See, Villalobos v. State,* 568 S.W.2d 134 (Tex.Cr.App. 1978). We do not agree. Furthermore, even if we considered the remarks to be improper, we do not find them to be clearly calculated to inflame the minds of the jury. Thus, the error, if any, was alleviated by the court's instructions. *See, Parr v. State,* 606 S.W.2d 928 (Tex.Cr.App.1980).

Considering the record as a whole, we do not find appellant's trial counsel ineffective. Counsel's decision to call appellant's wife was a trial tactic which we will not criticize in hindsight; his failure to assert a "marital privilege" objection was not unreasonable, as the information complained of was brought before the jury by other witnesses. Likewise, his failure to object to the trace metal test testimony and the state's final argument did not result in a waiver of a reversible error. Ground of error four is overruled.

In his first and second grounds of error, appellant asserts that the indictment and charge are fundamentally defective under the panel opinion of *Lugo-Lugo v. State.*

However, the court of criminal appeals has reversed that opinion on motion for rehearing. *Lugo-Lugo v. State,* 650 S.W.2d 72 (Tex.Cr.App.1983). Grounds of error one and two are overruled.

The conviction is affirmed.