TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00446-CR







Charles Davidson, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT


NO. D-1-DC-07-203140, HONORABLE MELISSA YOUNG GOODWIN, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Charles Davidson guilty of aggravated assault, for which the
court assessed a four-year term of imprisonment. See Tex. Penal Code Ann. § 22.02 (West Supp.
2008). Appellant's sole contention on appeal is that the court erred by refusing to instruct the jury
that the State had the burden to prove that he did not act in self-defense. We hold that the court's
jury charge was correct and affirm the conviction.

The complainant, James King, testified that he went to an Austin church for breakfast
on June 2, 2007. While there, he needed to use the toilet, but the bathroom he chose was occupied
and the door was locked. King said that when he tried to open the door, the person inside "started
acting belligerent, cussing profanity." A few minutes later, the bathroom door opened and appellant
walked out. As King walked past appellant to the bathroom, appellant gave him a hard look and
began to curse. King testified that he told appellant that they should take the discussion outside, and
he turned to walk toward an exit. As he did, appellant stabbed him.

Appellant admitted stabbing King. According to appellant, it was King who had
initiated the angry exchange with respect to the bathroom. Appellant testified that he stabbed King
when King seized his arm and began to pull him toward the exit. Appellant said that he feared for
his life and was trying to protect himself. 

The use of force or deadly force in self-defense is a justification for conduct that
would otherwise be criminal and is therefore a defense. Tex. Penal Code Ann. § 9.02 (West 2003);
§§ 9.31, .32 (West Supp. 2008). When a defense is submitted to a jury, the court must instruct the
jury that a reasonable doubt on the issue requires that the defendant be acquitted. Id. § 2.03(d)
(West 2003).

The court's charge included instructions on the general law applicable to the case,
including the law of self-defense. The self-defense portion of the charge concluded with
this paragraph:


You are further instructed . . . that if you believe from the evidence beyond
a reasonable doubt that at the time and place in question the victim was not using or
attempting to use unlawful force on the defendant, and that the defendant did not
reasonably believe that deadly force when and to the degree used, if it was, was
immediately necessary to protect himself against the use or attempted use of unlawful
deadly force, either real or apparent, as viewed from his standpoint alone, or that a
reasonable person in the defendant's position at that time would have retreated,[ (1)]
then you will find against the defendant on his plea of self-defense.



(Emphasis added.) The charge then applied the general law to the facts:



Now, therefore, bearing in mind the foregoing definitions and instructions,
if you believe from the evidence beyond a reasonable doubt that [appellant] . . . did
then and there intentionally[,] knowingly, or recklessly cause bodily injury to [the
complainant] by stabbing him, and the said [appellant] did then and there use or
exhibit a deadly weapon, to wit: a knife, during the commission of said assault, you
will find the defendant guilty . . . but if you further find from the evidence, or have
a reasonable doubt thereof, that the defendant reasonably believed that deadly force
when and to the degree used, if it was, was immediately necessary to protect himself
against the use or attempted use of unlawful deadly force by the said [complainant];
and that at such time a reasonable person in the defendant's situation would not have
retreated, you will acquit the defendant . . . .



(Emphasis added.) The charge also instructed the jury that the burden of proof was on the State to
prove each element of the offense beyond a reasonable doubt, and that the jury was to acquit the
defendant if the State did not satisfy this burden.

Appellant contends that the court should have given an additional instruction
explicitly stating that the State had the burden of proving beyond a reasonable doubt that appellant
did not act in self-defense. Read as a whole, however, the charge adequately placed the burden of
proof on the State. First, the court instructed the jury to find against appellant on the self-defense
issue if it believed beyond a reasonable doubt that the requisites for the use of deadly force in
self-defense were not met. Then, as section 2.03(d) requires, the court instructed the jury in the
application paragraph to acquit appellant if it had a reasonable doubt on the self-defense issue. 

Instructions substantially similar to those given here have been held sufficient to place
the burden on the State to disprove self-defense beyond a reasonable doubt. See Luck v. State,
588 S.W.2d 371, 375 (Tex. Crim. App. 1979); Brotherton v. State, 666 S.W.2d 126, 128 (Tex.
App.--Houston [14th Dist.] 1984, pet. ref'd). In Brotherton, the court overruled the defendant's
contention that the trial court was required to give a separate instruction specifically stating that the
State had to disprove self-defense. 666 S.W.2d at 128. Appellant acknowledges the holdings in
Luck and Brotherton, but he argues that they are no longer good law in light of the opinions in
Saxton v. State, 804 S.W.2d 910 (Tex. Crim. App. 1991), and Allen v. State, 253 S.W.3d 260 (Tex.
Crim. App. 2008). We disagree.

In Saxton, the court of appeals reversed the defendant's murder conviction after
concluding that the State had failed to disprove the defendant's self-defense claim. 804 S.W.2d at
911. Citing two court of criminal appeals opinions, one of which was Luck, the court of appeals
concluded that when a defendant raises the issue of self-defense, the State must produce evidence
establishing beyond a reasonable doubt that the defendant did not act in self-defense. Id. at 912. The
court of criminal appeals held that this was a misreading of its precedent. The court explained that
the State bears a burden of persuasion regarding self-defense, but not a burden of production. Id. at
913. That is, the State need not produce evidence refuting the self-defense claim; it must only prove
its case beyond a reasonable doubt. Id. 

The issue in Saxton was not how to instruct the jury regarding the State's burden of
proof on self-defense, but what the State must do to satisfy that burden. Nothing said in Saxton casts
doubt on the continued authority of the holdings in Luck and Brotherton. 

In Allen, an assault prosecution, the trial court submitted jury instructions on
self-defense and consent. 253 S.W.3d at 263. The opinion states, without quoting the charge, that
the trial court "properly informed the jury that a reasonable doubt on [self-defense] would require
the jury to acquit the defendant." Id. This was not the case, however, with respect to consent. In
applying the law to the facts, the court instructed the jury to acquit the defendant if it found that the
complainant consented to the defendant's assaultive conduct, but the court did not instruct the jury
to acquit if it had a reasonable doubt with respect to that issue. Id. The court of criminal appeals
agreed with the court of appeals that this was charge error. Id.

Luck was not cited in Allen, which is understandable because the adequacy of the trial
court's self-defense instructions was not at issue. Far from undermining Luck and Brotherton, Allen
suggests that the trial court's instructions regarding the consent defense would have been correct if
the court had followed the Luck template; that is, if it had instructed the jury to acquit the defendant
if it found or had a reasonable doubt that the complainant consented.

We hold that the trial court's instructions in this cause adequately placed the burden
on the State to prove beyond a reasonable doubt that appellant did not act in self-defense. The court
did not err by refusing appellant's requested additional instruction regarding the State's burden of
proof on that issue.

The judgment of conviction is affirmed.



 ___________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: October 8, 2009

Do Not Publish
1. This case arose before section 9.32 was amended to delete the retreat requirement.