# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00446-CR

**Charles Davidson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
### NO. D-1-DC-07-203140, HONORABLE MELISSA YOUNG GOODWIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Charles Davidson guilty of aggravated assault, for which the court assessed a four-year term of imprisonment. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2008). Appellant's sole contention on appeal is that the court erred by refusing to instruct the jury that the State had the burden to prove that he did not act in self-defense. We hold that the court's jury charge was correct and affirm the conviction.

The complainant, James King, testified that he went to an Austin church for breakfast on June 2, 2007. While there, he needed to use the toilet, but the bathroom he chose was occupied and the door was locked. King said that when he tried to open the door, the person inside "started acting belligerent, cussing profanity." A few minutes later, the bathroom door opened and appellant walked out. As King walked past appellant to the bathroom, appellant gave him a hard look and

began to curse. King testified that he told appellant that they should take the discussion outside, and he turned to walk toward an exit. As he did, appellant stabbed him.

Appellant admitted stabbing King. According to appellant, it was King who had initiated the angry exchange with respect to the bathroom. Appellant testified that he stabbed King when King seized his arm and began to pull him toward the exit. Appellant said that he feared for his life and was trying to protect himself.

The use of force or deadly force in self-defense is a justification for conduct that would otherwise be criminal and is therefore a defense. Tex. Penal Code Ann. § 9.02 (West 2003); §§ 9.31, .32 (West Supp. 2008). When a defense is submitted to a jury, the court must instruct the jury that a reasonable doubt on the issue requires that the defendant be acquitted. *Id*. § 2.03(d) (West 2003).

The court's charge included instructions on the general law applicable to the case, including the law of self-defense. The self-defense portion of the charge concluded with this paragraph:

> You are further instructed . . . that if you believe from the evidence *beyond a reasonable doubt* that at the time and place in question the victim was *not* using or attempting to use unlawful force on the defendant, and that the defendant did *not* reasonably believe that deadly force when and to the degree used, if it was, was immediately necessary to protect himself against the use or attempted use of unlawful deadly force, either real or apparent, as viewed from his standpoint alone, or that a reasonable person in the defendant's position at that time *would have retreated*,[1] then you will find against the defendant on his plea of self-defense.

(Emphasis added.) The charge then applied the general law to the facts:

---

[1] This case arose before section 9.32 was amended to delete the retreat requirement.

Now, therefore, bearing in mind the foregoing definitions and instructions, if you believe from the evidence beyond a reasonable doubt that [appellant] . . . did then and there intentionally[,] knowingly, or recklessly cause bodily injury to [the complainant] by stabbing him, and the said [appellant] did then and there use or exhibit a deadly weapon, to wit: a knife, during the commission of said assault, you will find the defendant guilty . . . but if you further find from the evidence, *or have a reasonable doubt thereof*, that the defendant reasonably believed that deadly force when and to the degree used, if it was, was immediately necessary to protect himself against the use or attempted use of unlawful deadly force by the said [complainant]; and that at such time a reasonable person in the defendant's situation would not have retreated, you will acquit the defendant . . . .

(Emphasis added.) The charge also instructed the jury that the burden of proof was on the State to prove each element of the offense beyond a reasonable doubt, and that the jury was to acquit the defendant if the State did not satisfy this burden.

Appellant contends that the court should have given an additional instruction explicitly stating that the State had the burden of proving beyond a reasonable doubt that appellant did not act in self-defense. Read as a whole, however, the charge adequately placed the burden of proof on the State. First, the court instructed the jury to find against appellant on the self-defense issue if it believed beyond a reasonable doubt that the requisites for the use of deadly force in self-defense were not met. Then, as section 2.03(d) requires, the court instructed the jury in the application paragraph to acquit appellant if it had a reasonable doubt on the self-defense issue.

Instructions substantially similar to those given here have been held sufficient to place the burden on the State to disprove self-defense beyond a reasonable doubt. *See Luck v. State*, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979); *Brotherton v. State*, 666 S.W.2d 126, 128 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). In *Brotherton*, the court overruled the defendant's contention that the trial court was required to give a separate instruction specifically stating that the

3

State had to disprove self-defense. 666 S.W.2d at 128. Appellant acknowledges the holdings in *Luck* and *Brotherton*, but he argues that they are no longer good law in light of the opinions in *Saxton v. State*, 804 S.W.2d 910 (Tex. Crim. App. 1991), and *Allen v. State*, 253 S.W.3d 260 (Tex. Crim. App. 2008). We disagree.

In *Saxton*, the court of appeals reversed the defendant's murder conviction after concluding that the State had failed to disprove the defendant's self-defense claim. 804 S.W.2d at 911. Citing two court of criminal appeals opinions, one of which was *Luck*, the court of appeals concluded that when a defendant raises the issue of self-defense, the State must produce evidence establishing beyond a reasonable doubt that the defendant did not act in self-defense. *Id*. at 912. The court of criminal appeals held that this was a misreading of its precedent. The court explained that the State bears a burden of persuasion regarding self-defense, but not a burden of production. *Id*. at 913. That is, the State need not produce evidence refuting the self-defense claim; it must only prove its case beyond a reasonable doubt. *Id*.

The issue in *Saxton* was not how to instruct the jury regarding the State's burden of proof on self-defense, but what the State must do to satisfy that burden. Nothing said in *Saxton* casts doubt on the continued authority of the holdings in *Luck* and *Brotherton*.

In *Allen*, an assault prosecution, the trial court submitted jury instructions on self-defense and consent. 253 S.W.3d at 263. The opinion states, without quoting the charge, that the trial court "properly informed the jury that a reasonable doubt on [self-defense] would require the jury to acquit the defendant." *Id*. This was not the case, however, with respect to consent. In applying the law to the facts, the court instructed the jury to acquit the defendant if it found that the complainant consented to the defendant's assaultive conduct, but the court did not instruct the jury

4

to acquit if it had a reasonable doubt with respect to that issue. *Id*. The court of criminal appeals agreed with the court of appeals that this was charge error. *Id*.

*Luck* was not cited in *Allen*, which is understandable because the adequacy of the trial court's self-defense instructions was not at issue. Far from undermining *Luck* and *Brotherton*, *Allen* suggests that the trial court's instructions regarding the consent defense would have been correct if the court had followed the *Luck* template; that is, if it had instructed the jury to acquit the defendant if it found or had a reasonable doubt that the complainant consented.

We hold that the trial court's instructions in this cause adequately placed the burden on the State to prove beyond a reasonable doubt that appellant did not act in self-defense. The court did not err by refusing appellant's requested additional instruction regarding the State's burden of proof on that issue.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: October 8, 2009

Do Not Publish