**Affirmed and Opinion filed August 22, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00681-CR

---

### TRAVIS LYNN GRUBBS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 12-DCR-059689**

---

## O P I N I O N

In four issues, appellant Travis Lynn Grubbs appeals his conviction for felony possession of a controlled substance, contending that the trial court (1) abused its discretion by refusing to allow the jury to assess punishment; (2) abused its discretion by admitting evidence of an extraneous offense; and (3) erred by omitting instructions from the jury charge with regard to extraneous offense evidence and illegally obtained evidence. Grubbs, who represented

himself at trial, concedes he did not preserve these issues for appeal.[1] We affirm.

## *Background*

On January 20, 2012, at approximately 11 p.m., two officers encountered Grubbs at a convenience store gas station in an area with a "[v]ery high level of narcotics activity." The officers observed Grubbs walking in and out of the convenience store approximately four to five times in a twenty-minute span. The first time, he came out with a bottle of automobile engine oil and put it inside his car behind the driver's seat. Then, he walked around the car and went back into the store. He came back out of the store and did not have anything with him. He then opened the hood of the car and seemed to be working on the car, closed the hood, and went back into the store. When he came back out, he again did not have anything with him. He opened and closed the hood again, went back into the store, and exited the store yet again without anything.[2] He went to the driver's side door of the car, and one of the officers testified at trial that he "appeared to have kicked something" out of the car that appeared to be a brown paper bag. The officer could not tell if the bag fell from Grubbs's hands or from inside the vehicle. Grubbs also kept looking at the officers.[3] The officers then contacted a third officer to "come by and talk to" Grubbs and "run" Grubbs's license plate.

When the third officer arrived, Grubbs walked toward the officer's car, raised his hand, and flagged the officer down.[4] The other officers moved their patrol car a little closer to Grubbs to observe. The first officer testified that Grubbs

---

[1] We hold pro se litigants to the same standards as a licensed attorney and require them to comply with applicable laws and rules of procedure. *Perez v. State*, 261 S.W.3d 760, 763 n.2 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

[2] One of the officers testified, "[W]e weren't sure why he was going in and coming out with nothing."

[3] Both officers testified that Grubbs's behavior seemed unusual.

[4] All three officers confirmed this fact at trial.

"was acting like he was a little intoxicated" while he spoke to the third officer.[5] The first officer also could see from his patrol car that Grubbs's eyes were bloodshot and watery.

Grubbs asked the third officer if there was an Auto Zone in the area and claimed his car was overheating. The officer responded that Grubbs could probably get coolant inside the store. Grubbs responded that he needed synthetic oil for his car, which struck the officer as odd, because coolant—not oil—would help with overheating.[6] The officer noticed that Grubbs's eyes were "red and glossy"; he seemed "a little nervous," had alcohol on his breath, slurred his speech, and staggered. The officer arrested Grubbs for public intoxication and handcuffed him. That officer then observed the brown paper bag underneath the driver's side door of the car, "in between the track of the tires," and picked it up. Despite its location, the bag had not been run over.[7] Grubbs "panicked" and volunteered, "No, No, No, it's not mine, it's not mine, it's not mine."[8] When the officer looked inside the bag, he saw "[w]hat appeared to be" crack cocaine rocks and powder cocaine. The substances tested positive for cocaine.

Grubbs was indicted for the first-degree felony offense of possession of cocaine with intent to deliver.[9] Trial counsel was appointed to represent Grubbs, but Grubbs filed a motion to proceed pro se. The trial court granted the motion but

---

[5] The first officer testified, "A normal person will stay still when he talks to you. The defendant was just moving around like super hyper. He couldn't stand straight. He was actually moving like he was intoxicated."

[6] The first officer later found the car key on the floor mat of Grubbs's car, started it, and ascertained that it was running without any problems.

[7] The officer testified from "the positioning of the vehicle, if that bag would have been there before [Grubbs] parked, [it] would have been damaged, crushed, [and] dirty. When we found the bag, everything was intact."

[8] Grubbs also claimed the car was not his.

[9] *See* Tex. Health & Safety Code § 481.112(d).

ordered appointed trial counsel to remain on standby to assist Grubbs during the trial proceedings. The trial court also advised Grubbs of the serious risks of representing himself. Grubbs signed a document entitled "Order," stating, in relevant part,

> Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel.

After both parties rested, the trial court conducted a bench conference regarding the proposed jury charge. Neither party objected to the jury charge. The jury then returned a verdict of guilty against Grubbs for the lesser included offense of possession of a controlled substance. The trial court assessed punishment at 30 years' confinement.

## *Discussion*

In four issues, Grubbs complains that the trial court abused its discretion by denying him the right to jury-assessed punishment and admitting extraneous offense evidence and erred by omitting jury charge instructions on extraneous offense evidence and illegally obtained evidence. We affirm.

### I.    No Right to Jury-Assessed Punishment

In his first issue, Grubbs argues the trial court denied his right to have the jury assess his punishment. Although a defendant in Texas has no constitutional right to jury-assessed punishment, he has the statutory right to elect to have his punishment assessed by a jury. *Ivey v. State*, 277 S.W.3d 43, 47 (Tex. Crim. App. 2009). However, in this case, Grubbs was required to make his election in writing before the commencement of voir dire. Tex. Code. Crim. Proc. art. 37.07,

§ 2(b)(2).[10] After that time, a defendant may change his election only with the State's consent. *Id*. Otherwise, the trial court must assess punishment. *Id*.

At trial, after voir dire had been completed and witness testimony had commenced, the trial court stated it had not received a motion to submit punishment to the jury, and the following colloquy ensued:

> THE COURT: You have to advise the Court whether you want the jury to assess punishment, and it has to be done before the jury's in the box. At this point, there's no motion in there for the jury to assess punishment which means it's submitted to the court.
>
> . . . .
>
> [Grubbs:] I'll let the jury.
>
> THE COURT: Well, it's too late. The reason why it's too late is both you and the State had the opportunity to voir dire the . . . venire panel on the range of punishment, and that's already finished.

The State made no statement indicating whether it consented to or opposed a change in election.

We do not infer the State's consent to a change in punishment election from the State's silence in the face of a trial court ruling refusing to permit a change.[11] *See Daniel v. State*, 577 S.W.2d 231, 235 (Tex. Crim. App. 1979) (concluding that when appellant elected jury punishment before trial, it was not error for jury to

---

[10] Because Grubbs did not request community supervision, he was required under the statute to file his election before the commencement of the voir dire examination. *See id*. § 2(b)(1).

[11] We reached the same conclusion in *Masters v. State*, No. 14-11-00263-CR, 2012 WL 2899765, at *5 (Tex. App.—Houston [14th Dist.] July 17, 2012, no pet.) (mem. op., not designated for publication). *See* Tex. R. Civ. P. 47.7(a).

5

assess punishment because "[t]here [was] no consent of the attorney for the State to change [appellant's] election" to court-assessed punishment); *see also Gibson v. State*, 549 S.W.2d 741, 743 (Tex. Crim. App. 1977) (refusing to presume defendant changed election when record was silent as to that issue). Grubbs complains that the trial court "refused to entertain any change of election and did not even inquire as to whether the State would consent to a change in election." Grubbs has cited no authority supporting his argument that the trial court interfered with his right to jury-assessed punishment in failing to ask the State if it consented to a change of election. *See Weaver v. State*, 265 S.W.3d 523, 537 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). We decline to so hold. *See id.* By failing to submit a timely election or secure the State's consent to a change, Grubbs waived his statutory right to have a jury assess his punishment.

We overrule Grubbs's first issue.

## II. Complaint Regarding Admission of Extraneous Offense Evidence Waived

In his second issue, Grubbs asserts the trial court abused its discretion in admitting irrelevant "[p]rejudicial extraneous offense evidence"[12] in the form of testimony from one of the officers that he thought he previously had met Grubbs, who gave the officer a false name.[13] To preserve error for appeal, a party must

---

[12] *See* Tex. R. Evid. 402 ("Evidence which is not relevant is inadmissible."), 403 ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."), 404(b) (prohibiting admission at trial of evidence of other crimes, wrongs or acts "to prove the character of a person in order to show action in conformity therewith," but allowing admission of such evidence for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident).

[13] The relevant testimony follows:

[State's counsel:     H]ad you ever met Mr. Grubbs?

[Officer:]            I believe I have.

. . . .

make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint. Tex. R. App. P. 33.1(a); *see also Weyandt v. State*, 35 S.W.3d 144, 154 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Even if the officer's testimony were inadmissible, Grubbs did not object to its admission and thus did not preserve his complaint for review. *See Weyandt*, 35 S.W.3d at 154.

We overrule Grubbs's second issue.

### III. No Entitlement to Certain Jury Charge Instructions

In his third and fourth issues, Grubbs complains that the trial court did not include jury charge instructions *sua sponte* on extraneous offense evidence and illegally obtained evidence. Our first duty in analyzing a criminal jury charge issue is to decide whether error exists. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Lovings v. State*, 376 S.W.3d 328, 337 (Tex. App.—Houston [14th Dist.] 2012, no pet.). If error is found, the degree of harm necessary for reversal depends on whether the appellant preserved the error by objecting to the complained-of instruction. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *Lovings*, 376 S.W.3d at 337. If the defendant properly objected to

---

| | |
|---|---|
| [State's counsel:] | Are you sure or not sure? |
| [Officer:] | Not sure. |
| [State's counsel:] | Okay. What's the context you think you might have met him? |
| [Officer:] | About maybe a year ago—I think so—[another officer], I think, dealt with him, and he actually gave us a false name. |
| [State's counsel:] | Okay. And just so we're clear, did that prior incident . . . have any effect on you that day [Grubbs was arrested]? Were you thinking, oh, yeah, there's that guy, let's go get him, or anything like that? |
| [Officer:] | No, because we figured out it was him after we had got done [sic] all the work. . . . I didn't recognize him, sir. |

7

the erroneous jury charge instruction, reversal is required if we find "some harm" to the defendant's rights. *Olivas*, 202 S.W.3d at 144 n.21; *Lovings*, 376 S.W.3d at 337. If the error was not objected to, it must be "fundamental" and requires reversal only if it was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Barrios*, 283 S.W.3d at 350; *Lovings*, 376 S.W.3d at 337.

It is undisputed that Grubbs did not object to the jury charge on the grounds that the trial court did not include instructions on extraneous offense evidence and illegally obtained evidence. Therefore, Grubbs was required to show that the trial court erred by failing to include these definitions and that the trial court's error caused him egregious harm. *See Olivas*, 202 S.W.3d at 144; *see also Lovings*, 376 S.W.3d at 337.

**Failure to Include Unrequested Limiting Instruction on Extraneous Offense Evidence Not Error**. Grubbs argues that the trial court should have included a limiting instruction[14] on extraneous offense evidence that one of the officers might have encountered Grubbs previously, at which time Grubbs might have given the officer a false name. A trial judge has an absolute "*sua sponte* duty" to prepare a jury charge that accurately sets out the law applicable to the specific offense charged. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). But the trial judge does not have a duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues. *Id*. These are issues that frequently depend on trial strategy and tactics. *Id*.

---

[14] Grubbs argues the jury should have been instructed, in relevant part, that the "evidence was admitted only for the purpose of showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" and that the jury could not consider the evidence "for any purpose" unless it first found "beyond a reasonable doubt that the defendant committed said, crime, wrong, or act."

8

The Court of Criminal Appeals has noted "that the decision of whether to request a limiting instruction concerning the proper use of certain evidence, including extraneous offenses, may be a matter of trial strategy." *Id*. at 250. Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be considered for all purposes. *Delgado*, 235 S.W.3d at 251; *McGowan v. State*, 375 S.W.3d 585, 593 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). A limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the guilt-stage jury charge only if the defendant requested a limiting instruction under Rule of Evidence 105[15] when the evidence was first admitted. *Delgado*, 235 S.W.3d at 251; *see also Hammock v. State*, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001); *McGowan*, 375 S.W.3d at 593. Here, Grubbs did not request a limiting instruction when the evidence was admitted. Thus, the trial court did not err by failing to include a limiting instruction in the jury charge. *See Delgado*, 235 S.W.3d at 251; *see also McGowan*, 375 S.W.3d at 593.

**Failure to Include Unrequested Instruction on Illegally Obtained Evidence Not Error**. Grubbs argues the trial court should have included an instruction on illegally obtained evidence, citing Code of Criminal Procedure article 38.23. Article 38.23 provides that no evidence obtained by an officer or other person in violation of the laws or constitutions of Texas or the United States shall be admitted in evidence against the accused on the trial of any criminal case.

---

[15] Rule of Evidence 105(a) states,

> When evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

Tex. R. Evid. 105(a).

Tex. Code Crim. Proc. art. 38.23(a). When there is an issue as to whether evidence was obtained by such a violation, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained by such a violation, then it shall disregard any such evidence. *Id*. An article 38.23 jury instruction must be given in any case in which the defense raises a factual dispute about the legality of how the evidence was obtained; the requirement for such an instruction does not depend on a request from the defendant.[16] *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005); *see also Holmes v. State*, 223 S.W.3d 728, 730-31 (Tex. App.—Houston [14th Dist.] 2007) (holding appellant did not waive right to article 38.23 instruction in failing to object to introduction of evidence when "he raised a fact issue regarding the legality of the seizure of the cocaine"), *aff'd*, 248 S.W.3d 194 (Tex. Crim. App. 2008).

A defendant must meet three requirements before he is entitled to a jury instruction under article 38.23: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). To raise a disputed fact warranting an article 38.23 jury instruction, there must be some affirmative evidence that puts the existence of that fact into question. *Id*. at 513.

Grubbs argues a fact issue existed at trial regarding whether the officers had reasonable suspicion to stop him or probable cause to arrest him and thus whether "the discovery of cocaine . . . was the result of an illegal arrest [and] should have been excluded." He thus contends the trial court should have instructed the jury to

---

[16] Error preservation is relevant only in determining the applicable harm standard if we first determine that the trial court erred. *See Oursbourn v. State*, 259 S.W.3d 159, 181 n.85 (Tex. Crim. App. 2008); *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005).

disregard any illegally obtained evidence. Grubbs points to his "consistently challeng[ing] each witness regarding the lack of reasonable suspicion to stop him or the probable cause to arrest him." Grubbs states that his "line of questioning was clear: there was no reason to stop him or arrest him because he was not engaged in suspicious or illegal activity." However, the implication raised by Grubbs's questioning does not, by itself, raise a disputed fact issue. *See Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008); *see also Madden*, 242 S.W.3d at 513-15. A cross-examiner's questions do not create a conflict in the evidence, although the witnesses' answers might. *Madden*, 242 S.W.3d at 513.

The undisputed testimony presented at trial by all three officers was that Grubbs initially flagged down the officer who arrested him. No other witness testified to any other version of events. Thus, there was no conflict in the evidence that raised a disputed fact issue material to the legal question of reasonable suspicion to detain Grubbs. *See id.*

Similarly, there was no conflict in the evidence that raised a disputed fact issue material to the legal question of probable cause to arrest Grubbs. *See id.* Grubbs argues he was not engaged in suspicious or illegal activity that would warrant his arrest. But the officers all testified Grubbs appeared to be intoxicated. The arresting officer testified that Grubbs had "slurred speech, bloodshot eyes, a strong odor of alcohol coming from his breath, and a staggered stance." He also testified Grubbs was in "a drunken state." When asked, "[D]id you feel that you had probable cause to place him under arrest for public intoxication?" he responded, "Absolutely." No evidence to the contrary was presented at trial. Because no evidence raised a fact issue material to the admissibility of the challenged evidence, Grubbs was not entitled to a jury instruction concerning

11

whether the officers had reasonable suspicion to stop him or probable cause to arrest him. *See id*. at 518. Thus, the trial court did not err by failing to include an article 38.23 instruction in the jury charge.[17]

Because we conclude the trial court did not err by failing to include the above-referenced jury instructions, we need not address "egregious harm." We overrule Grubbs's third and fourth issues.

We affirm the judgment of the trial court.


/s/    Martha Hill Jamison
        Justice


Panel consists of Justices Boyce, Jamison, and Busby.

Publish—TEX. R. APP. P. 47.2(b).

---

[17] Grubbs, without citing the record, also argues the trial court "recognized the need for an [a]rticle 38.23 instruction and actually directed the State to include it in the charge, but the State ignored the Court's order." Presumably, Grubbs is referring to the following colloquy, in which the court instructed the State's counsel as follows:

> Basically Mr. Grubbs is arguing a motion to suppress, and so we're going to need to discuss whether that needs to be included in the charge, so prepare an appropriate . . . question on that ground.
>
> . . . .
>
> I'm concerned about how to address [Grubbs's] Fourth Amendment issues because they're so broad. I'm not sure that we've narrowed it down enough to really address that, but we'll keep that in mind going forward.

The State's counsel responded, "Okay, I'll get it ready just in case, Judge," but no such question or related instruction was included in the jury charge. Because we conclude the trial court did not err by failing to include such an instruction, Grubbs's argument regarding the propriety of the State's failure to submit it is unfounded.