**Affirmed and Memorandum Opinion filed August 28, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00313-CR

### NORMAN ANDREW PUCKETT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1374245**

## MEMORANDUM OPINION

Appellant Norman Andrew Puckett appeals his murder conviction. A jury found him guilty and assessed punishment at nineteen years in the Institutional Division of the Texas Department of Criminal Justice. In his first three issues on appeal, appellant contends that his trial attorney provided ineffective assistance of counsel during both the guilt-innocence and punishment phases of trial. In his fourth issue, appellant contends that the trial court erred in overruling his objection to the jury charge instruction on the issue of self-defense. In his fifth issue,

appellant contends that the trial court erred in admitting photographic evidence. We affirm.

## I. Background

Appellant was charged with murder for the stabbing death of complainant. Both appellant and complainant lived in the same rooming house. Appellant, who slept in the living room with complainant, had removed the light bulb from a light fixture because he did not want to be awakened by the light. One morning around 3:00 a.m., complainant, who had been getting ready for work, confronted appellant about the missing light bulb. Another resident of the house was awakened by complainant's yelling at appellant. He then saw appellant stab complainant in the stomach. Complainant was taken to the hospital, where he underwent numerous surgeries to repair his abdomen. Due to complications from the stab wound, he died approximately three and a half months after the stabbing, having never left the hospital.

Appellant admitted to stabbing complainant, but claimed he did so in self-defense. Appellant claimed he feared for his own life after complainant whispered in his ear "I am going to bleed you out" before pressing down on appellant's neck with his forearm, making it difficult for appellant to breathe. Appellant stated that he struggled with complainant but could not break free, so he took a knife out of his back pocket and stabbed complainant.

The State's medical examiner testified that complainant died from complications caused by the stab wound. Although trial counsel's cross-examination appeared to be aimed at raising the possibility of another cause of death, counsel failed to call his own expert witness to support such a theory.

The State elicited testimony from complainant's father regarding complainant's non-violent nature. Part of this testimony was elicited as the jury

2

was shown four photographs of complainant with various family members. The trial court admitted the photographs into evidence over defense counsel's relevance objection.

Prior to the court's instructing the jury on the charge, trial counsel requested an instruction that the State had the burden of *disproving* appellant's claim of self-defense beyond a reasonable doubt. The trial court denied the request, stating that such an instruction is implicit in the standard jury charge on self-defense and that such language, if added, would confuse the jury.

During the punishment phase, defense counsel failed to introduce any mitigating evidence or witnesses to testify on behalf of appellant. He also declined to cross-examine the State's witnesses, who were all family members of complainant. However, in his closing argument, he sought leniency by again raising the issues of causation and self-defense. The nineteen-year-sentence assessed by the jury was well below the maximum possible sentences of ninety-nine years or life.

## II. Assistance of Counsel

In three issues, appellant contends that his trial counsel provided ineffective assistance by failing to (1) call an expert witness to refute the testimony of the State's medical examiner on causation, (2) object to the lack of a concurrent causation jury instruction or request an intervening causation jury instruction, and (3) introduce mitigating evidence or cross-examine the State's witnesses during the punishment phase. The United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing

3

professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Our review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *See id*. We will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *See id*. In most cases, the record on direct appeal will be undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id*. To overcome the presumption of reasonable professional assistance, "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a *matter of law,* and that *no reasonable trial strategy* could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (emphasis added). When the record is silent, we cannot engage in retrospective speculation regarding counsel's strategy. *See id.* at 142.

### A.    Failure to call an expert witness

In his first issue, appellant complains of trial counsel's failure to call an expert witness to testify on the cause of death. Appellant contends that, given that over three months passed between the stabbing and complainant's death, one obvious defense strategy would have been to argue that an intervening medical condition was the independent cause of death. In pursuing such a strategy, appellant argues, trial counsel should have called an expert who would contradict the medical examiner's testimony linking the initial stabbing to the death. Because no expert provided such testimony, appellant contends the intervening causation defense lacked credibility and thus was not successful, depriving appellant of a fair

trial.

Because there was no hearing on a motion for a new trial, defense counsel has not had an opportunity to explain why he did not call an expert to testify or even whether an expert could have supplied helpful evidence. *See Bone v. State*, 77 S.W.3d 828, 836-37 (Tex. Crim. App. 2002) (holding that appellant failed to show that there was no plausible professional reason for counsel's acts and omissions when the record contained no specific explanation for counsel's decisions). Appellant concedes the record is silent as to what investigation was made by trial counsel into the possibility of alternate causes of complainant's death. Counsel may have spoken with many experts, only to conclude it would not benefit appellant's case to call one as a witness. When an appellant argues that counsel was ineffective because counsel failed to utilize an expert witness, the appellant must also show that the expert's testimony would have been beneficial to appellant. *Washington v. State*, 417 S.W.3d 713, 725 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). On this record, we cannot say that counsel's performance fell below the standard of prevailing professional norms.

We overrule appellant's first issue.

### B. Failure to object to the lack of a concurrent causation jury instruction or request an intervening causation jury instruction

Appellant contends in his second issue that trial counsel rendered ineffective assistance by failing to object to the lack of a concurrent causation jury instruction or request an independent intervening causation jury instruction. The existence or nonexistence of a causal connection is a question for the jury's determination. *Fountain v. State*, 401 S.W.3d 344, 358 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The State is not required to prove beyond a reasonable doubt that the act alleged in the indictment alone caused the death. *Id*. Accordingly, a defendant is responsible for the death of another when the defendant's acts contributed to the

cause of death, even when other contributing causes existed. *Id*. "A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor is clearly insufficient."[1] Tex. Penal Code § 6.04(a); *Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986); *Fountain*, 401 S.W.3d at 358. A defendant is not entitled to an instruction that is not raised by the evidence. *See Fountain*, 401 S.W.3d at 359-61.

The record is undisputed as to the facts surrounding complainant's stabbing, hospitalization, and subsequent death. Complainant never left the hospital, never fully recovered from the stabbing, and later died. No evidence suggests that any other possible cause was "clearly sufficient" by itself to result in complainant's death or that the stabbing was "clearly insufficient" by itself to produce the ultimate result. Without evidence of both, the trial court was not required to provide a concurrent or intervening causation instruction. *See id*. at 359 n.2; *see also* Tex. Pen. Code § 6.04(a).

Appellant, however, does not argue that the trial court erred in failing to instruct the jury on concurrent or intervening causation. Instead, appellant contends that counsel's failure to object to the lack of such instructions and request that they be given was so contrary to any possible defense strategy that it constituted ineffective assistance. In supporting this claim, appellant points out that trial

---

[1] Although appellant complains on appeal about the lack of concurrent and intervening causation instructions in the jury charge, the parties and the case law do not differentiate in their discussion of contributing causes between concurrent and intervening causation. "Concurrent causation" means that more than appellant's conduct, that is "'another cause' in addition to [appellant's] conduct," was in issue. *Hughes v. State*, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994). The key issue is whether the defendant's conduct was sufficient to produce the result. *See Fountain*, 401 S.W.3d at 358 (discussing criminal causation); *see also Hughes*, 897 S.W.2d at 297 ("A jury charge on causation is called for only when the issue of concurrent causation is presented.").

counsel asked the jury to consider whether post-surgical complications were independently sufficient to cause death. Because the trial court did not issue an instruction on concurrent or intervening causation, appellant argues, the jury could not properly determine whether appellant's stabbing was the cause of death.

It is possible that counsel decided for strategic reasons not to request a concurrent or intervening causation instruction or object to the lack thereof. Such an instruction would have explained to the jury that a defendant is not required to be the sole cause of the occurrence and may be criminally responsible even if the result of the defendant's conduct operated concurrently with another cause. *See* Tex. Pen. Code § 6.04(a). Defense counsel reasonably might have concluded that this instruction would have been more detrimental than helpful to appellant. *Cf. Hughes v. State*, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994) (addressing appellant's argument that a concurrent causation jury instruction deprived him of a fair and impartial trial because it permitted the jury to find appellant guilty even if it concluded the victim would not have died but for other conduct not alleged in the indictment). Such a conclusion could be part of a reasoned trial strategy, even though it is a strategy with which appellate now disagrees.

Defense counsel need not pursue all available defenses. *Dannhause v. State*, 928 S.W.2d 81, 86 (Tex. App.—Houston [14th Dist.] 1996, no pet.). Rather, defense counsel reasonably may decide to focus on the most viable means of obtaining a verdict in the defendant's favor. *See id*. ("In some cases, it may be a more effective strategy to focus on a relatively narrow defense, rather than to use a 'shotgun' approach by arguing every defense available."). In the present case, counsel's own investigation of the anticipated trial testimony could have led counsel to conclude that the evidence would not support a defensive theory of concurrent or intervening causation. In light of the more viable self-defense option, counsel may have decided to forego seeking instructions on causation to avoid

7

complicating the jury's deliberation on self-defense. The record does not demonstrate a lack of sound trial strategy with respect to trial counsel's failure to object to the lack of a concurrent causation instruction or request an intervening causation instruction.

Appellant's second issue is overruled.

## C. Failure to introduce mitigating evidence or cross-examine State's witnesses during punishment phase

In his third issue, appellant contends that trial counsel was ineffective for failing to present mitigating evidence and cross-examine the State's witnesses during the punishment phase. Both the record and appellant's issue on appeal, however, are silent as to whether any or what type of mitigating evidence was available for counsel's presentation and also as to what sort of testimony counsel could have elicited from the State's witnesses during cross-examination. *See Bone*, 77 S.W.3d at 834-35. Defense counsel reasonably could have determined that the potential benefit of additional witnesses or cross-examining the State's witnesses was outweighed by the risk of unfavorable counter-testimony. *See id*. at 835. We will not speculate as to how mitigating evidence might have prejudiced the outcome of the case.[2] *See id.*

Similarly, the record does not show whether counsel intentionally declined to cross-examine the State's witnesses because additional testimony might not have been beneficial. *See id*. at 834 n.21. We may not assume a lack of sound trial strategy on the part of defense counsel merely because we are unable to discern any particular strategic or tactical purpose in counsel's trial presentation. *See Bone*, 77 S.W.3d at 836 ("A vague, inarticulate sense that counsel could have provided a

---

[2] Engaging in pure speculation can be a double-edged sword. *See Bone* 77 S.W.3d at 835 ("If a reviewing court can speculate about the existence of further mitigating evidence, then it just as logically might speculate about the existence of further aggravating evidence.").

8

better defense is not a legal basis for finding counsel constitutionally incompetent. . . . [A] defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission.").

Appellant's third issue, therefore, is overruled.

### III. Self-defense Jury Instruction

In his fourth issue, appellant contends that the trial court erred by providing, over objection, an improper jury charge instruction on self-defense. When reviewing jury instruction errors, we first determine whether there was error in the charge. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Grubbs v. State*, 440 S.W.3d 130, 136 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). If error is present, the degree of harm necessary for reversal depends on whether the appellant preserved the error by objecting to the instruction provided at trial. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); *Grubbs*, 440 S.W.3d at 136. If the defendant properly objected to the erroneous jury charge instruction, reversal is required if we find even "some harm" to the defendant's rights. *Olivas*, 202 S.W.3d at 144 n.21; *Grubbs*, 440 S.W.3d at 136. If the error was not objected to, it must be "fundamental" and requires reversal only if it was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Barrios*, 283 S.W.3d at 350; *Grubbs*, 440 S.W.3d at 136.

Appellant contends that the jury charge instruction on self-defense is contrary to Texas Penal Code section 2.03(d), which states, "If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted." The burdens at trial to establish self-defense alternate between the defense and the State. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). A defendant

9

bears the initial burden to produce some evidence that supports his self-defense theory. *Id*. Once the defendant produces such evidence, the State then bears the ultimate burden of persuasion to disprove the defense beyond a reasonable doubt. *Id*. The burden of persuasion does not require the production of evidence—it requires only that the State prove its case beyond a reasonable doubt. *Id*. When a jury finds the defendant guilty, there is an implicit finding against the defensive theory. *Id*.

Appellant asserts the instruction on self-defense omits the initial burden of persuasion requirement on appellant, ignores the State's requirement to disprove beyond a reasonable doubt that appellant acted in self-defense, and can be read to shift the burden to the defendant to prove beyond a reasonable doubt he acted in self-defense. It is unclear what appellant means in complaining that the instruction did not address his "initial burden of persuasion." We presume for purposes of our analysis that appellant is referring to his burden of production.

Appellant did not request an instruction at trial on his argument regarding the omission of an instruction on his initial burden of production. Accordingly, we may reverse on this issue only if the trial court's failure to include such an instruction resulted in fundamental error. *See Grubbs*, 440 S.W.3d at 136. With regard to appellant's argument that the self-defense instruction does not properly articulate the State's burden of proof, we must reverse if the trial court erred and there is some harm. *See id*.

At trial, appellant requested an instruction that he was "not required to prove self-defense, rather the State must prove beyond a reasonable doubt that self-defense does not apply to the defendant's conduct." The trial court denied the request and submitted the following self-defense instruction to the jury:

> *[I]f you find from the evidence beyond a reasonable doubt* that the

defendant, Norman Andrew Puckett, did cause the death of [complainant], by stabbing [complainant] with a deadly weapon, namely, a knife, as alleged, *but you further find from the evidence*, as viewed from the standpoint of the defendant at the time, that from the words or conduct, or both of [complainant] it reasonably appeared to the defendant that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force at the hands of [complainant], and that acting under such apprehension and reasonably believing that the use of deadly force on his part was immediately necessary to protect himself against [complainant's] use or attempted use of unlawful deadly force, he stabbed [complainant], then you should acquit the defendant on the grounds of self-defense; *or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the defendant the benefit of that doubt and say by your verdict, not guilty*.

(Emphasis added.)

Self-defense is a justification defense, which excuses but does not mitigate a crime. *Brotherton v. State*, 666 S.W.2d 126, 128 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). A jury charge on self-defense need not state specifically that the State must disprove justification to prove murder. *Id*. The charge in the instant case required the jurors to acquit appellant if they believed he was acting in self-defense or they had a reasonable doubt thereof. *See id*. The charge correctly stated that the burden of proof beyond a reasonable doubt was on the State and contained instructions on the presumption of innocence. *See id*. We conclude that the charge correctly explained the law of self-defense with the proper instruction that the jurors could find appellant guilty only if they found beyond a reasonable doubt that appellant committed all the elements of murder and did not kill complainant in self-defense. *See id*. Accordingly, the trial court did not err in failing to address the appellant's burden of production or in refusing to include an instruction in the

11

charge that the State was required to disprove self-defense.[3] *See id.* ("We decline to impose a 'lack of justification' as an element in the charge which must be specifically disproved by the state when the issue of self-defense is raised by the evidence.").

We overrule appellant's fourth issue.

### IV. Admission of Photographic Evidence

In his fifth issue, appellant complains that the trial court erred by admitting photographic evidence over his relevance objection. The admissibility of evidence, including photographs, is within the sound discretion of the trial court. *See, e.g., Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Paredes v. State*, 129 S.W.3d 530, 540 (Tex. Crim. App. 2004). Moreover, we may not reverse a conviction on appeal due to the admission of evidence unless we determine that it affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). An error affects a substantial right when it has a substantial and injurious effect or influence in determining the jury's verdict. *Taylor*, 268 S.W.3d at 592. Non-constitutional error, such as that postulated in the present case, is harmless if we have fair assurance that the error had no influence or only a slight influence on the jury. *Id.* In conducting a harm analysis, we consider "everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

At issue are four photographs of complainant with his family, offered as

---

[3] Because we find no error in the charge, we do not address harm. *See Grubbs*, 440 S.W.3d at 136.

12

purportedly illustrative of his non-violent nature to rebut the defendant's self-defense theory. The photographs all depict complainant as he appeared within the last fifteen years of his life; three show complainant with his children and the fourth shows him holding one of his grandchildren. The State introduced the photographs during the direct examination of complainant's father for the express purpose of presenting "background information" to aid the witness in explaining "how [complainant] was with his family in terms of him being a first aggressor towards anybody." Appellant argues that because the State did not establish the photographs were taken close in time to the stabbing, they did not represent complainant's character and behavior preceding the incident. We conclude that even assuming the trial court abused its discretion in admitting the photographs, the error was harmless.

To begin with, the photographs were only very briefly mentioned during the father's testimony and were not emphasized at any point during trial. *See, e.g., Leyba v. State*, 416 S.W.3d 563, 570 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (holding error in admission of evidence was harmless where the evidence was only briefly presented and was not emphasized). Additionally, the subject matter of the photographs—complainant's connection to his family—was otherwise covered by the father's unobjected-to testimony. *See Saldinger v. State*, No. 14-14-00402-CR, 2015 WL 4594053, at *5 (Tex. App.—Houston [14th Dist.] (Tex. App.—Houston [14th Dist.] July 30, 2015, no pet. h.) (explaining that the improper admission of evidence is generally considered harmless when the same information comes in properly or without objection from another source). Lastly, there was little of substance regarding complainant's character to be gleaned from the photographs, much less whether he had any propensity towards violence. *See Neal v. State*, 256 S.W.3d 264, 284 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding any error in admission of evidence was harmless due in part to

13

insignificance of evidence). Accordingly, we have a fair assurance that the admission of the photographs had no influence or at most only a slight influence on the jury. *See Taylor*, 268 S.W.3d at 592.

We overrule appellant's fifth issue.

We affirm the judgment of the trial court.


/s/     Martha Hill Jamison
        Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do not publish — Tex. R. App. P. 47.2(b).