In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00266-CR

_____

SHIKEITH DWYAN DEERE, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 20-08-09384-CR

_____

**MEMORANDUM OPINION**

A jury found Shikeith Dwyan Deere guilty of intentionally or knowingly causing Injury to a Child, a first-degree felony. *See* Tex. Penal Code Ann. § 22.04(a)(1), (e). The jury assessed Deere's punishment at forty years of imprisonment in the Texas Department of Criminal Justice. *See id*. § 12.32. On appeal, Deere argues the trial court abused its discretion by allowing testimony about a prior assault during the guilt innocence phase of his trial. We affirm.

1

## Background

We limit our recitation of background facts to those necessary to resolve the issue on appeal.[1] In January 2021, Deere was indicted for Injury to Child, A.D., a first-degree felony.[2] The indictment alleged the following.

> Shikeith Dwyan Deere on or about August 01, 2020, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally or knowingly cause serious bodily injury to A.D., a person 14 years of age or younger, by causing the acceleration and deceleration of A.D.'s head and body, and by striking with Defendant's hand, and by squeezing with Defendant's hand[.]

A.D.'s Mother ("Mother") testified that she and Deere had been in a relationship since 2018, and that they have two children together, including A.D., who was born in April 2020. Testimony was elicited that A.D. was born prematurely and had several medical issues in the first few months of his life. A.D. was described as a "fussy" baby and Mother testified that Deere would get irritated by the baby and yell at him to stop crying. If Mother tried to intervene, Deere would verbally threaten Mother. On August 1st, when A.D. was three months old, Mother was in the kitchen of their apartment, when she heard a "commotion" in the bedroom, where Deere was

---

[1]Deere appeared pro se at trial but had standby counsel during the trial.
[2]We use initials to refer to the victim to conceal his identity. *See* Tex. Const. art. I, § 30 (a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process[]").

with A.D. When she entered the bedroom, she found Deere punching the baby until he stopped breathing. Mother called 911 but decided to take A.D. to the hospital herself. At the hospital, Mother did not tell the hospital staff what happened to A.D. because she was "scared[,]" and testified that Deere later told her what to say in an interview with law enforcement. A.D. was transferred to Texas Children's Hospital and diagnosed with subdural hemorrhaging, retinal hemorrhages, abusive cutaneous injury, and multiple rib fractures.

Mother testified that Deere was both verbally and physically abusive during their relationship. According to Mother, after one incident in which Deere was physically abusive, he sent messages to Mother threatening to kill her. Mother then went to stay at a women's shelter.

At this point in Mother's testimony, the State approached the bench and the following exchange occurred.

> [THE STATE]: Judge, this witness – the incident she is testifying about right now, the testimony that we would like to elicit is that when her father dropped her off at the women's shelter and went back to his house, the Defendant was there and the Defendant assaulted him and he was charged with assaulting [her] father at that time at his house.
> THE COURT: And why do you think it is admissible at this point?
>
> [THE STATE]: Because this witness has testified that she was scared of the Defendant and that's the reason she sought shelter at the Women's Center. And this particular witness is testifying about his tendency to be violent with her and the fact that he lived with them, he was assaultive with her, with her father. I think that is -- we would be offering it not to prove propensity but to prove that it is lack of accident

3

or mistake. It also goes to why she would have lied in this particular case. She is scared of him. It is clear he has a pattern of sending someone to her dad's house, which is exactly what he does. In this case he goes to her dad's house and he picked up a violation of a protective order that he is arrested on in this case.

THE COURT: Okay. What is your legal objection at this point?

THE DEFENDANT: Well, my objection is lack of -- act of character. I am not really -- it is lack of -- I just read it -- lack of proper evidence or character evidence or something like that.

THE COURT: There are exceptions to 404(B). What exception are you trying to elicit it from?

THE DEFENDANT: Improper character evidence.

THE COURT: That is your objection? What says the State?

[THE STATE]: Judge, the State would say that we were offering this for the propensity purposes. We are offering it to prove that this witness had a reason to be scared of this Defendant. He had done this before.

THE COURT: Okay. I am going to allow it. Your objection is overruled.

Mother then testified that after her father ("Grandfather") took her to the women's shelter, Grandfather went back to his home, and Mother received a phone call that Grandfather had been assaulted by Deere. Deere was charged with assault.

The next day, Grandfather testified about the same assault without a Rule 404(b) objection from Deere.

4

## Issue

In a single issue, Deere argues the trial court committed harmful error by admitting testimony regarding Deere's assault of Grandfather. Before considering the substance of Deere's complaint, we must evaluate whether Deere preserved the complaint for our review.

Deere appeared pro se at trial and on appeal. A pro se litigant must comply with the rules of evidence and procedure and is not to be granted any special treatment because he has asserted his pro se rights. *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988); *Griffis v. State*, 441 S.W.3d 599, 612 (Tex. App.—San Antonio 2014, pet. ref'd). Although we construe pro se arguments "with patience and liberality[,]" Deere, as a pro se appellant, is not entitled to any special treatment and is held to the same standards as licensed attorneys. *See Grubbs v. State*, 440 S.W.3d 130, 133 n.1 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Under Texas law, "if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by proper objection and a ruling on that objection." *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (quoting *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)). To preserve error for review, a litigant must timely object to the

alleged error and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. *See* Tex. R. App. P. 33.1(a)(1)(A); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). "A proper objection is one that is specific and timely." *Martinez*, 98 S.W.3d at 193. "Further, with two exceptions, the law in Texas requires a party to continue to object each time inadmissible evidence is offered." *Id*. (quoting *Ethington*, 819 S.W.2d at 858). "The two exceptions require counsel to either (1) obtain a running objection, or (2) request a hearing outside the presence of the jury." *Id*. (citation omitted).

The record shows Deere made a proper objection to Mother's testimony regarding the extraneous act but did not make a proper objection to Grandfather's testimony. Although Deere lodged various objections during Grandfather's testimony, the only objections were hearsay, relevance, leading, and lack of personal knowledge. Deere did not request a running objection nor did he request a hearing outside the presence of the jury regarding the admissibility of testimony concerning the assault on Grandfather. Therefore, Deere did not preserve this issue on appeal. That said, any error in the admission of evidence through Mother's testimony was cured when the same evidence came in through Grandfather without a proper objection. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *see also* Tex. R. App. P. 33.1. We overrule Deere's sole issue.

6

## Conclusion

Having overruled Deere's sole issue, we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS  
Justice

Submitted on March 25, 2025  
Opinion Delivered April 23, 2025  
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

7